[No. 21189.   Department One.—March 9, 1895.]

## THE PEOPLE, RESPONDENT, *v.* B. FITCHPATRICK, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER — SELF-DEFENSE—APPEAL—REVIEW OF EVIDENCE.—Although the evidence upon a charge of an assault with intent to commit murder shows a close case upon the plea of self-defense, yet, where the jury has found against the defendant upon that plea, and the court held the evidence sufficient to support a verdict of guilty of an assault with a deadly weapon, the appellate court is not justified in disturbing the verdict for lack of evidence.

ID.—AXE IN HAND OF PROSECUTING WITNESS—INTENTION—APPEARANCE TO DEFENDANT — HARMLESS EVIDENCE. — Where the prosecuting witness, when shot at, had an axe in his hand his actual intentions as to the

use of the axe are immaterial, the only question at issue being how did the axe appear to the defendant as a reasonable man, and evidence as to the prior statement of the prosecuting witness out of the hearing of defendant, that he was going to cut down a fence erected upon his land by the defendant, is immaterial and harmless evidence, especially where the law to the effect that it was not the matter of fact, but the matter of appearance, which measured defendant's right of self-defense, was fully and fairly stated to the jury by the court.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. W. Wilson,* and *Frank McGowan,* for Appellant.

*T. H. Selvage,* and *J. D. H. Chamberlin,* for Respondent.

GAROUTTE, J.—The appellant was charged with the offense of an assault with intent to commit murder, and was convicted of an assault with a deadly weapon. He appeals from the judgment and order denying his motion for a new trial.

1. The defendant shot the prosecuting witness with a pistol, the party shot having an axe in his hand at the time. The trouble between these parties was occasioned by the erection of a fence by the defendant upon the land of his tenant, the other party. Both men were angry and excited at the time of the shooting, and the defendant at the trial justified under the plea of self-defense. The party assaulted claims that he had no intention of using the axe to injure the defendant, but secured it and had it in his possession for the purpose of cutting down the fence. After a perusal of the evidence we believe it to be a close case upon the plea of self-defense; yet, as a jury found against the defendant upon this plea, and as the court subsequently held the evidence sufficient to support the verdict in this regard, we do not feel justified in disturbing the verdict for lack of evidence.

2. It is insisted that the court committed error in allowing the witness, Campbell, to testify that Pape, the party shot (when he was in his wagon, and in the road near the house, and near the defendant, but without his hearing), said he was going to "cut that fence down." It is unnecessary to say whether or not this statement was a part of the *res gestæ*. Conceding it was not, still the error of the court in admitting it was necessarily harmless. What Pape's intentions actually were was an immaterial matter. What he actually intended to do with the axe which he held in his right hand was likewise immaterial. The defendant was located between him and the fence, and whether he advanced with his axe to attack the fence or the defendant was not the question at issue; but the question at issue was, how did Pape's acts appear to the defendant as a reasonable man? It was not a matter of fact, but a matter of appearance, which measured defendant's right of self-defense. For these reasons Pape's prior statement that he was going to cut down the fence was immaterial and harmless evidence. Especially is this made plain when we consider that the law was fully and fairly stated to the jury by the court, in accordance with the principle we have just laid down.

3. Upon an examination of the record we find the law bearing upon the charge stated in the information fully and properly given to the jury, and there appears to be nothing demanding a new trial of the case.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

HARRISON, J., and VAN FLEET, J., concurred.