[Crim. No. 564. Department Two.—December 30, 1899.]

THE PEOPLE, Respondent, v. A. F. SOAP, Appellant.

CRIMINAL LAW—HOMICIDE—SELF-DEFENSE—REVIEW OF EVIDENCE.—A verdict of guilty of manslaughter cannot be reversed upon appeal, upon the ground that the evidence shows that the homicide was committed in self-defense, where the evidence as to self-defense appears to be conflicting, and the appellate court cannot say, upon a review of the evidence, taking the testimony of the defendant together with the general facts proved, that the jury were not warranted in finding that the homicide was not committed in self-defense.

Id.—Evidence—Recollection of Witness—Use of Word "Presume."—
A witness, in stating facts within his knowledge or personal
observation, is not required to testify with that certainty which
excludes all doubt, and the use of the word "presume" by the
witness is not ground for striking out his evidence, when, as
used by him, it evidently meant nothing more than a statement
of his best recollection as to particulars of a fact observed.

Id.—Misconduct of Jury—Affidavit of Juror—Misrepresentation
as to Punishment for Manslaughter.—An affidavit of a juror can-
not be received to impeach the verdict by setting forth a mis-
representation made by a juror as to the limit of punishment
which could be inflicted for manslaughter, by which many
jurors were induced to agree upon a verdict of guilty of that
offense.

Id.—Newly Discovered Evidence—Diligence.—A new trial cannot be
granted for newly discovered evidence which is of slight im-
portance, and in respect to which no diligence was shown in
seeking to discover it before the trial.

APPEAL from a judgment of the Superior Court of San
Bernardino County and from an order denying a new trial.
Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Bledsoe & Bledsoe, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Dep-
uty Attorney General, for Respondent.

McFARLAND, J.—The defendant was accused by informa-
tion of the crime of murder alleged to have been committed by
feloniously, etc., killing one John Larkin. He was convicted
of manslaughter and appeals from the judgment and from an
order denying the motion for a new trial.

Appellant contends that the verdict is against the evidence,
because the evidence shows that the homicide was committed
in justifiable self-defense. This contention cannot be main-
tained. The circumstances of the killing, as detailed by the
appellant himself when on the witness stand, tended, no doubt,
to a considerable degree to show that the appellant killed the
deceased in necessary self-defense; and it is contended that as
the appellant was the only eye-witness of the killing other than
the deceased, and as it was uncontradicted by any other witness,

and was not inconsistent with other facts proven, therefore it is to be taken as true. But one Spikes, a witness for the prosecution, testified that he saw the killing, and that the occurrences connected with it were different in some important respects from those testified to by the appellant. Appellant contends that the testimony of Spikes was "so manifestly corrupt and false as to forbid its consideration for any purpose, except in aid of defendant's vindication." This position, however, is not tenable. Although none of the other witnesses who came upon the scene immediately after the fatal shot was heard saw the witness Spikes there, still there was nothing in the evidence to preclude the jury from believing that he was there. It certainly could not be said, as a matter of law, that the jury should not have considered the testimony of Spikes. Of course, it does not appear how much, if any, weight the jury gave to his testimony. The jury were not bound to receive the testimony of the appellant as absolutely true, nor, if they believed the testimony of the appellant, can it be truly said that, taking his testimony together with the general facts proven, the jury were not warranted in finding that the homicide was not committed in necessary self-defense.

Appellant contends that the court erred in not striking out a certain expression used by the witness Spikes. The point arose in this way: The witness had been asked to describe the manner of deceased toward the defendant, and the witness testified as follows: "He was kind of waving one hand out that way, talking, and he had one hand down this way. He was kind of waving, that way. He was drunk and staggering and he had this one down. I presume it was on his pants. I couldn't tell. Mr. Bledsoe: We don't want your presumptions. State what you saw. We move to strike out what the witness says about presuming. The Court: What do you mean by saying you presume? That you are merely guessing at it, or that it was your best information? Witness: That was my best information." There was no error in this; while a witness can testify only to facts which are within his knowledge, he is not required to testify with that certainty which excludes all doubt from his mind. The word "presume" as used by the witness was nothing more than a statement of his best recollection.

Appellant contends that the judgment should be reversed on account of the alleged misconduct of the jury by which they were prevented from giving the case a fair and due consideration. This misconduct is based upon the fact, which appellant sought to show by an affidavit of one of the jurors, that while the jury were in consultation over the case a statement was made by one of them that a verdict of manslaughter could only be followed by the punishment of imprisonment in the county jail for six months, and that such statement induced a large number of the jurors who had been voting for an acquittal to agree to a verdict of manslaughter. This contention cannot be maintained; for it has been definitely settled that the affidavit of a juror cannot be received to impeach the verdict except where it is the result of a resort to the determination of chance. (See *People v. Azoff*, 105 Cal. 632, and cases there cited.)

The contention that a new trial should be granted on account of newly discovered evidence is without merit; there was no diligence shown in discovering the testimony before the trial, and the alleged newly discovered evidence was of little importance, even if it could be held admissible. No other errors are relied on for a reversal.

Appellant's counsel argues very strongly that the jury should have rendered a verdict of acquittal, and that, considering the great age and physical condition of appellant and the conduct of the deceased, it should have been found that he committed the homicide in necessary self-defense. This argument has considerable support in the general facts of the case. In cases of this kind juries, no doubt, sometimes attach too much importance to the mere fact of the homicide, and convictions sometimes follow where the plea of self-defense should have been sustained. But the decisions in such cases rest with juries; and where in such a case the trial judge who has heard all the evidence declines to grant a new trial it cannot be granted here, where as in the case at bar the testimony is fairly and substantially conflicting.

The judgment and order appealed from are affirmed.

Henshaw, J., and Beatty, J., concurred.