## THE PEOPLE v. SINIGAGLIA.

### APPEAL from the District Court of Ponce.

No. 62.—Decided June 27, 1907.

APPEAL—WEIGHING OF EVIDENCE—CONFLICTING EVIDENCE.—The weighing of con-
flicting evidence, and the matter of the credibility of witnesses, .is within
the province of the court or the jury, mere contradictions in the evidence not
being sufficient to warrant the reversal of the judgment.

ID.—NEW TRIAL.—The principle above set forth is not affected by the fact that
appellant made a motion for a new trial, for the granting or refusal to grant
a motion for a new trial is a matter within the discretion of the trial court.

PURCHASE AND SALE.—A contract of purchase and sale is perfected by the mere
consent of the parties and their agreement upon the price of the thing sold,
the execution of a public deed being unnecessary.

The facts are stated in the opinion.

Mr. *Herminio Díaz* for appellant.

Mr. *Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The following information was filed in the District Court
of Ponce against Luis Sinigaglia y Lazarini.

"*Information.*—In the name and by the authority of The People
of Porto Rico. United States of America. The President of the
United States of America, *ss. The People of. Porto Rico* v. *Luis Sini-
gaglia y Lazarini.* In the District Court of Ponce, on the 10th day of
April, 1906.—The prosecuting attorney files an information against
Luis Sinigaglia y Lazarini, as the author of a grave crime of impos-
ture, provided for and punished by article 471 of the Penal Code,
committted in the following manner: In the ward of 'Sierra Baja,' of
the municipal jurisdiction of Guayanilla, judicial district of Ponce,
the accused Luis Sinigaglia y Lazarini, after having sold by private
contract to Bernardo Albino, 11 years ago, for the sum of 650 *pesos*
provincial money, a tract of land, of which the purchaser took posses-
sion and still occupies, voluntarily and with the intent to defraud the
said Albino again sold the same tract of land to Paulino Irizarri Rod-
ríguez for $200, which he received and delivered the deed to the same
on the 1st of June, 1905, before the Notary Public Miguel Juan Llane-
ras in San Germán. This act is. contrary to the law for such case

provided and against the peace and dignity of The People of Porto
Rico.—Julio M. Padilla, Prosecuting Attorney for the District Court.

"The foregoing information is based upon the testimony of wit-
nesses examined under oath, and I solemnly believe that there is just
cause for the presentation of the same before the court.—District
Attorney.

"Sworn and signed before me this 10th day of April 1906.—Fran-
cisco Barnes Plaja, Secretary of the District Court of Ponce."

The case was tried without a jury and the court below
found against the defendant. Whereupon a motion for a
new trial was filed alleging that the decision of the court
was contrary to the proof and contrary to law. The court
overruled the motion and sentenced the prisoner to the peni-
tentiary for the term of one year. The appeal is taken both
from the order overruling the motion for a new trial and
from the sentence. The principal question presented by the
motion for a new trial was that the verdict was contrary to
the evidence.

There was proof at the trial tending to show that the
appellant bought a piece of property from Bernardo Albino
for the sum of 650 *pesos* and that shortly thereafter he resold
it to the said Albino for the same sum under certain special
conditions with respect to payment—namely, that Albino was
to be left in possession of the land and to pay Sinigaglia
with the products of the place. There was also evidence
tending to show that Bernardo turned over to Sinigaglia 14
*fanegas* of coffee worth $40 per *fanega,* several thousand
oranges and other things. Some 10 or 11 years after the
sale and delivery of the land by appellant to Albino the de-
fendant, by a public deed, again sold the property to Paulino
Yrizarry Rodríguez for $200. There was no failure of proof
with respect to any essential averment of the information.

The appellant maintains that the witnesses contradicted
one another with respect to time, place, conditions and per-
sons present at the execution of the sale. Indeed it is shown
that the witnesses do not agree as to the time in which Albino

was to pay appellant and Antonio Yrizarry, one of the witnesses of the prosecution, said that appellant at the time of the execution of the contract told Albino that the latter might live on the place as long as he liked and that if some day he should make payment appellant would give him a deed. Much reliance is placed on the fact that the witness Quiñones said that payment was to be made in three years while the other witnesses differed from him. Also that Albino's own testimony was vague and uncertain; that as to the delivery of the products no definite times or places or amounts are fixed; and that Albino did not correctly name the number of the witnesses present at the sale. These and perhaps other contradictions might be pointed out in proof. But this is a prosecution brought by the state and Albino is only one of many witnesses. His testimony, although somewhat contradicted and vague, sufficiently supports the information and although contradicted no other attempt was made to impeach his testimony. Most of the events had happened as many as 10 years earlier, a fact which would tend to increase the uncertainty of the memory of the witnesses. Few convictions could stand if they were to fail because of contradictory evidence. It is the province of the judge or the jury who try the case to pass upon the contradictions in the evidence and the credibility of the witnesses. This is a dry record before us, but in the court below, with the vitalizing effect of the presence of the witnesses, who can say but that such contradiction as exists in the record was greatly minimized?

But mere contradiction in the proof is not enough to permit an appellate court to reverse a sentence. In the case of Leña Verde this court says:

"It is a question which has been the subject of considerable discussion as to how far an appellate court will go in reversing a judgment on the ground that the verdict of the jury is not supported by the evidence. A great majority of the cases to be found in the books hold that the decision of a jury on the facts should not be disturbed on appeal. A minority of the cases have held, quite as consistently,

that if the evidence is insufficient to sustain a verdict that it should be set aside on appeal. But the opinions in the cases very often fail to state how far an appellate court can proceed in considering the weight of the evidence in criminal cases on which the verdict of the jury is based. It would perhaps be very difficult, if not impossible, to deduce from the reported cases a rule on this subject which can be considered as having been adopted by all the courts. In Florida, Texas and Illinois, the courts have held that a reasonable doubt as to the guilt of the accused in the minds of the appellate court is a sufficient reason for the reversal of a judgment of conviction. In many other States, among them Idaho, Indiana, Iowa, Kentucky, Louisiana, Missouri, New York, and Virginia, it may be said to be the rule established by the decisions that a judgment in a criminal case will not be disturbed on the ground that the verdict is not supported by the evidence, except in cases where there is a total failure of evidence, or it is so weak and unsatisfactory that the necessary inference to be drawn therefrom is that the verdict is the result of partiality, passion or prejudice. The latter rule has been upheld by the Supreme Court of the United States in the case of *Crumpton* v. *United States,* 138 U. S., 361. And in California it is announced as the decision of its court of last resort that only questions of law can be considered on appeal, and if there is any evidence to justify the verdict of the jury it cannot be disturbed. (*People* v. *Williams,* 59 Cal., 674; *People* v. *Smallman,* 55 Cal., 185.)

"This matter is discussed though, briefly, in a note to the case of *Armstrong* v. *The State of Florida,* to be found in 17 Lawyers' Reports Annotated, on page 484. We concur in the rule laid down by the Supreme Court of the United States in the case referred to above, that the weight of the evidence introduced by the State, to the extent to which it was contradicted or explained away by witnesses on behalf of the defendant, are questions exclusively for the jury, and not reviewable upon error in the appellate court. If the verdict was manifestly against the weight of the evidence, defendant should have moved for a new trial on that ground in the court below, but the granting or refusing of such a motion is a matter of discretion in the trial court. It may be said generally that this court will not review the decision of the jury upon a question of fact, unless it is clearly erroneous, or the result of partiality, passion or prejudice."

Indeed beyond the case of *Armstrong* v. *The State of Florida* cited in the foregoing opinion the writer has not been

able to find a specific case in which a reversal took place because of mere contradiction in the proof.

The principle thus set forth in accordance with the decision of the Supreme Court of the United States is not affected by the fact that the appellant made a motion for a new trial. We have said in the case of Leña Verde cited, *supra,* that the granting or refusal of a motion for a new trial is a matter within the discretion of the trial court. This pronouncement is supported by the jurisprudence of California from which state the provisions of our code with respect to new trials are copied. (*People* v. *Wong Chong Suey,* 110 Cal., 117; *People* v. *Fitzpatrick,* 106 Cal., 286; *People* v. *Ceiger,* 116 Cal., 440; *People* v. *Soap,* 127 Cal., 408; *People* v. *Un Dong,* 106 Cal., 83.)

In the case last named the court says:

"The evidence is exceedingly contradictory and conflicting throughout and there are many things calculated to cast discredit upon the case of the prosecution. But while the evidence is not to one's mind by any means satisfactory we cannot say that it was not sufficient to sustain the verdict."

And in *People* v. *Soap, supra,* the Supreme Court of California, on page 411, says:

"But the decision in such cases rests with juries; and where in such a case the trial judge who has heard all the evidence declines to grant a new trial it cannot be granted here, whereas in the case at bar the testimony is fairly and substantially conflicting."

The appellant also contends that the property was not identified in the trial below but the witnesses are all talking about the same matter and the defendant himself testifies that he had sold to Paulino Yrizarry the same land that he had bought from Albino and on which land he had suffered the said Albino to remain.

Another contention of the appellant is that there was no valid sale from the appellant to Albino but there is nothing

in the Civil Code or in the record to support the contention. A sale is sufficient when the price is agreed upon and the vendor puts the purchaser in possession of the same and it needs no public deed to celebrate the same.

For these reasons the sentence appealed from must be affirmed.                                         *Affirmed.*

Chief Justice Quiñones and Justice Figueras concurred. Justices Hernández and MacLeary dissented.