## EL PUEBLO *v.* SINIGAGLIA.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 62.—Resuelto en junio 27, 1907.

APELACIÓN—APRECIACIÓN DE LA PRUEBA—PRUEBAS CONTRADICTORIAS.—La apreciación de las pruebas contradictorias, y la de la credibilidad de los testigos, es facultad que compete á la corte ó al jurado, no siendo suficientes meras contradicciones en la prueba para justificar la revocación de la sentencia.

ID.—NUEVO JUICIO.—En nada afecta á la aplicación de la anterior doctrina, la circunstancia de que se hubiera solicitado un nuevo juicio, pues la concesión ó negación de un nuevo juicio es materia que corresponde á la facultad discrecional de la corte inferior.

COMPRA-VENTA.—El contrato de compra-venta se perfecciona por el mero consentimiento de las partes en el precio y en la cosa, sin necesidad del otorgamiento de una escritura pública.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Herminio Díaz.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La siguiente acusación fué formulada por la Corte de Distrito de Ponce contra Luis Sinigaglia y Lazarini:

"*Acusación.* —En el nombre y por la autoridad de El Pueblo de Puerto Rico. —Estados Unidos de América. —El Presidente de los Estados Unidos, ss. —*El Pueblo de Puerto Rico* v. *Luis Sinigaglia y Lazarini.* —En la Corte de Distrito de Ponce, á diez de abril de mil novecientos seis. —El fiscal formula acusación contra Luis Sinigaglia y Lazarini, como autor de un delito grave de impostura, previsto y penado en el artículo 471 del Código Penal, cometido como sigue: En el barrio de "Sierra Baja," término municipal de Guayanilla, distrito judicial de Ponce, el acusado Luis Sinigaglia y Lazarini, después de haber vendido por contrato privado á Bernardo Albino, desde hacía once años y por la cantidad de seiscientos cincuenta pesos provinciales, un predio de terreno, del que tomó el comprador la posesión de que aún disfruta, voluntariamente y con ánimo de defraudar al Albino, volvió á vender el mismo predio á Paulino Irizarry y Rodríguez en doscientos dollars, que percibió, y por escritura pública pasada el 1 de junio de 1905 en

San Germán, ante el Notario Miguel Juan Llaneras. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del Pueblo de Puerto Rico. Julio M. Padilla, Fiscal del Distrito. La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe justa causa para presentarla al tribunal.—Fiscal del distrito. Jurado y firmado ante mí hoy día diez de abril de 1906.—Francisco Barnes Plaja, Secretario del Tribunal del Distrito de Ponce.

Se celebró el juicio sin jurados, dictando la corte inferior sentencia contra el acusado. Se presentó entonces una moción para nuevo juicio en la que se alegaba que la resolución de la corte era contraria á la prueba y á derecho. La corte desestimó la moción condenando al acusado á sufrir un año de presidio. La apelación se ha interpuesto, tanto de orden por la que se negaba el nuevo juicio, como contra la sentencia dictada. La cuestión principal que se presentó en la moción para nuevo juicio fué que el veredicto era contrario á la prueba.

Se aportó prueba al juicio tendente á probar que el apelante compró á Bernardo Albino una parcela de terreno por la suma de seiscientos cincuenta pesos y que poco tiempo después él la vendió de nuevo al susodicho Albino por la misma cantidad, con ciertas condiciones especiales en cuanto al pago, á saber: que Albino había de quedar en posesión del terreno pagando á Sinigaglia con los productos del sitio. También se presentó prueba al objeto de probar que Bernardo había devuelto á Sinigaglia 14 fanegas de café, cuyo precio era cuarenta dollars por fanega, algunos miles de naranjas y otras cosas. Algunos diez ú once años después de la venta y entrega del terreno por el apelante á Albino, el acusado vendió de nuevo la propiedad por escritura pública, á Paulino Irizarry Rodríguez, por el precio de doscientos dollars. No dejó de presentarse prueba referente á alguna afirmación de la acusación.

Sostiene el apelante que las declaraciones de unos y otros testigos eran contradictorias en cuanto al tiempo, sitio, con-

diciones y personas presentes en la ejecución de la venta. En verdad que se ha probado que los testigos no están acordes en lo que hace referencia á la época en que Albino había de pagar al apelante y Antonio Irizarry, uno de los testigos de la acusación dijo que el apelante al tiempo del otorgamiento del contrato le dijo á Albino que él podía vivir en el sitio tanto tiempo como quisiera, y que si algún día él hiciera el pago, el apelante le daría una escritura. Se ha dado mucha importancia al hecho de que el testigo Quiñones dijo que el pago había de hacerse en tres años, mientras que los otros testigos no estuvieron de acuerdo con él. También que la misma declaración de Albino era indefinida y dudosa; que con respecto á la entrega de los productos, no se ha fijado tiempo, sitios ó sumas determinadas; y que Albino no mencionó correctamente el número de testigos presentes en la venta. Estas, y tal vez, otras contradicciones, podrían citarse en la prueba. Pero esta es una acusación (proceso), formulado por el Estado, siendo únicamente Albino uno de tantos testigos. Aunque su declaración es algo contradictoria é indeterminada, sostiene suficientemente la acusación, y aunque está contradicha, no se hizo ninguna otra tentativa para impugnarla. La mayor parte de los sucesos habían ocurrido unos diez años antes, cuyo hecho tiende á aumentar la incertidumbre de la memoria de los testigos. Pocas sentencias condenatorias podrían prosperar si dejaran de tener éxito porque la prueba fuese contradictoria. Es de la incumbencia del juez ó del jurado que conoce de la causa resolver en cuanto á las contradicciones en la prueba y credibilidad de los testigos. Á nuestra consideración tenemos solamente el récord mismo, desnudo de todo otro elemento de influencia, pero ¿quién pudiera decir si en la corte inferior, con el efecto vigorizante de la presencia de los testigos, la contradicción, que existe en los autos, no fué grandemente aminorada?

Pero la mera contradicción en la prueba no es bastante para que se permita á una corte de apelación revocar una sen-

tencia. En el caso de Leña Verde, esta corte se expresa en los términos siguientes:

"Ha sido una cuestión objeto de gran discusión el determinar hasta dónde llega la jurisdicción de una corte de apelación al revocar una sentencia, fundada dicha revocación en que el veredicto del jurado no está sostenido por la prueba. Un gran número de los casos que se encuentran en los libros sostienen que la resolución del jurado, basada en la prueba, no debe ser modificada en la apelación. En algunos casos se ha resuelto, casi en el mismo sentido, que si la prueba no es bastante para dar un veredicto fundado en ella, dicho veredicto puede ser anulado en la apelación. Pero estas opiniones á menudo dejan de expresar hasta dónde puede una corte de apelación proceder á considerar la importancia de la prueba en causas criminales, en cuyas pruebas está basado el veredicto del jurado. Sería quizás muy difícil, si no imposible, deducir de los casos anotados una regla sobre esta materia que pueda considerarse como que ha sido adoptada por todas las cortes. En Florida, Illinois y Texas las cortes han resuelto que es suficiente motivo para que se revoque una sentencia condenatoria el que la corte de apelación tenga una duda razonable con respecto á la culpabilidad del acusado. En muchos otros Estados, entre ellos los de Idaho, Indiana, Iowa, Kentucky, Louisiana, Michigan, Missouri, New York y Virginia, puede decirse que la regla establecida por las decisiones de dichas cortes, es que no se modificará una sentencia en causa criminal por el fundamento de que el veredicto no está sostenido por la prueba, excepto en casos en que hay una falta absoluta de prueba, ó la misma es tan insignificante y tan poco satisfactoria, que la deducción que necesariamente puede hacerse de dicha prueba, es que el veredicto es el resultado de parcialidad, apasionamientos ó prejuicios. La última regla ha sido sostenida por la Corte Suprema de los Estados Unidos, en el caso de *Crumlon* v. *United States*, 138 U. S., 361. En California se ha dicho, ó ha sido la resolución de su corte de último recurso, que solamente pueden considerarse cuestiones de derecho en la apelación, y si hay alguna prueba que justifique el veredicto del jurado, dicho veredicto no puede ser modificado. (*People* v. *Williams,* 59 Cal., 674; *People* v. *Smallman,* 55 Cal., 185.) Esta cuestión se ha discutido, aunque ligeramente, en una nota que se encuentra en el caso de *Armstrong* v. *El Estado de Florida,* cuyo caso se encuentra anotado en 17 Lawyers Reports Annotated, en la página 484. Estamos de acuerdo con la regla establecida por la Corte Suprema de los Estados Unidos en el caso referido anteriormente, de que solamente el ju-

rado debe considerar la importancia de la prueba presentada por el fiscal hasta el límite de que la misma fué contradicha ó refutada por los testigos del acusado, y por lo tanto, que estas cuestiones no son objeto de revisión por la corte de apelación, por motivo de errores. Si el veredicto fué evidentemente contrario á la importancia de la prueba, el acusado debió haber hecho una moción solicitando nuevo juicio bajo ese fundamento, en la corte inferior, pero la negación ó concesión de tal moción es una cuestión discrecional en la corte sentenciadora. Como regla general puede decirse que esta corte no revisará la decisión del jurado sobre una cuestión de hecho, á no ser que la misma sea evidentemente errónea, ó el resultado de parcialidad, apasionamiento ó prejuicios.''

En verdad que fuera del caso de *Armstrong* v. *El Estado de Florida,* citado en la opinión, el juez que suscribe, no ha podido hallar un caso específico en que se haya revocado una sentencia por una simple contradicción en la prueba.

Expuesto en esta forma el principio, de acuerdo con la decisión del Tribunal Supremo de los Estados Unidos, no está afectado por el hecho de que el apelante hizo una moción solicitando nuevo juicio. Hemos dicho en el caso de Leña Verde, citado anteriormente, que es una cuestión discrecional en la corte sentenciadora la concesión ó denegación de una moción solicitando nuevo juicio. Esta declaración está sostenida por la jurisprudencia de California, de cuyo Estado. han sido copiadas las prescripciones de nuestro Código con respecto á nuevos juicios.

*People* v. *Von Chong Suey*, 110 Cal., 117; *People* v. *Filzpatrick,* 106 Cal., 286; *People* v. *Geiger,* 116 Cal., 440; *People* v. *Soap,* 127 Cal., 408; *People* v. *On Dong,* 106 Cal., 83.

En el último de estos casos, la corte dice: ''La prueba es sumamente contradictoria y confusa en toda su extensión, y hay muchos casos que tienen el efecto de desacreditar la acusación del fiscal.'' Pero aunque la prueba no es á nuestro juicio de ningún modo satisfactoria, no podemos decir que la misma no fué suficiente para poder fundar en ella un veredicto.

Y en *Pueblo* v. *Soap,* la Corte Suprema de California, en la página 411, dice:

"Pero la decisión en tales casos incumbe al jurado; y cuando en tal caso el juez sentenciador que ha oído toda la prueba se niega á conceder un nuevo juicio, no puede ser concedido en esta corte, cuando, como en el caso presente, el testimonio es substancialmente contradictorio."

Alega también el apelante que la propiedad no fué identificada durante el juicio en la corte inferior, pero los testigos todos hablan sobre la misma cuestión, declarando el mismo acusado que él había vendido á Paulino Irizarry el mismo terreno que le había comprado á Albino y en el cual terreno había permitido que se quedara Albino.

Otra alegacion del apelante es que él no hizo venta alguna á Albino que fuese válida, pero no hay nada en el Código Civil, ó en los autos, que sostenga esta alegación. Una venta es suficiente, cuando se conviene el precio y el vendedor pone al comprador en posesión de la misma, no necesitándose escritura pública para su celebración.

Por estas razones debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociado, Figueras.

Jueces disidentes: Sres. Hernández y MacLeary.