El Pueblo, Apelado, *v.* Calderón, Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 590.—Resuelto en junio 27, 1913.

Corrección de Autos—Moción Presentada Después de la Vista.—En este caso la parte apelante dos días después de celebrada la vista presentó una moción acompañada de varios documentos para justificar que la omisión de la firma del juez aprobando las instrucciones al jurado era debida al secretario de la corte inferior. En el alegato presentado por dicha parte no se planteó ningún error fundado en que dichas instrucciones fueran erróneas. Se resolvió que la parte apelante tiene el deber de examinar la transcripción de autos y que únicamente cuando aparezca que se haya cometido un error fundamental, lo cual no ocurre en este caso, hará uso esta corte de su facultad discrecional para permitir que se corrijan los autos después de celebrada la vista.

Nuevo Juicio—Veredicto Contrario a la Prueba.—Al menos que el juez sentenciador esté plenamente convencido de que se ha cometido una injusticia, no se concederá una moción de nuevo juicio fundada en que el veredicto es contrario a la prueba y esta corte salvo raras excepciones, no revocará la resolución denegatoria de la moción de nuevo juicio que tiene ese fundamento.

Seducción—Pena Excesiva—Multa de $3,000.—Atendida la importancia del delito cometido y las circunstancias de este caso, se resolvió que la pena de $3,000 de multa impuesta al acusado no es excesiva.

Apelación—Asignación de Errores en el Acto de la Vista.—Es una mala práctica que debe ser rechazada el esperar hasta el momento de la vista del recurso para alegar los errores cometidos por la corte inferior, sin incluirlos en un alegato presentado a su debido tiempo.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Enrique Rincón.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

Después que se procedió a la celebración de la vista de esta apelación, al indicar el Fiscal que no podría hacer ninguna alegación sobre las instrucciones de la corte al jurado, pues según aparecía de los autos no habían sido suscritas éstas por el juez, el apelante presentó una copia certificada de dichas instrucciones debidamente firmada y solicitó que fuera agregada a los autos, alegando que la firma había sido omitida por el secretario de la corte de distrito. Con anterioridad a esto el apelante había presentado un alegato en el cual

ninguno de los señalamientos de error hacía referencia a dichas instrucciones. En tales condiciones no nos encontramos dispuestos a ejercitar nuestra facultad discrecional agregando a los autos dichas instrucciones, especialmente por haberlas considerado y no encontrar en ellas nada que hubiera perjudicado al apelante. Los apelantes deben estar al tanto de sus casos y este tribunal no tomará en consideración semejantes mociones a menos que aparezca claramente que se ha cometido un error fundamental, lo que no ha ocurrido en este caso.

Dos cuestiones solamente fueron presentadas en los señalamientos de error. La primera fué que el veredicto del jurado era contrario al peso de la prueba. Muy pocos nuevos juicios podrían concederse por este fundamento, pues si el juez de la corte inferior ha encontrado bastante prueba para someterla al jurado, no debe conceder dicho nuevo juicio a menos que esté completamente convencido de que se ha cometido una injusticia. Y todavía es más raro que un tribunal de apelación revoque la sentencia por este fundamento. Existía un conflicto en la prueba y los jurados eran los únicos jueces de la preponderancia de la misma. En los casos de contradicción en la prueba, esta corte no revocará la sentencia a menos que se demuestre que los juzgadores han obrado tomando en consideración elementos indebidos, no habiendo ocurrido tal cosa en este caso. La seducción quedó claramente probada así como el hecho de ser la denunciante una mujer soltera hasta entonces reputada por pura.

El otro señalamiento de error se refiere a que la sentencia es excesiva. No vemos ningún motivo por el cual debamos intervenir con la discreción del juez en cuanto a este particular. El delito era grave y el acusado al parecer estaba para abandonar no solamente a la mujer sino también al país. El hecho de que el juez ya correcta o incorrectamente creyera que el acusado trató de influir en el jurado, no dió por resultado en el sentido legal que éste quedara predispuesto hacia el acusado, pues, como ya hemos dicho, no vemos que sea exce-

siva la multa de $3,000, teniendo en cuenta que no se impuso directamente pena de prisión alguna.

Durante el juicio se tomaron varias excepciones pero no fueron consignadas como errores en el alegato, ni aparece firmado el pliego de excepciones, si bien las mismas excepciones están contenidas al parecer en la exposición del caso. El abogado del apelante solicitó permiso para presentar un alegato adicional con el fin de discutirlas. La práctica de esperar hasta la vista del caso para consignar errores no se recomienda. Sin embargo, hemos examinado los autos y no encontramos ningún error que exija la revocación. Debe confirmarse la sentencia.

*Confirmada la sentencia y denegada la moción
para corregir los autos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.