[Civ. No. 15360. Second Dist., Div. One. Dec. 19, 1946.]

SUSAN DEAN, a Minor, etc., Appellant, v. IRVING JACK FELD, Respondent.

George Cohn for Appellant.

Sidney A. Moss for Respondent.

DORAN, J.—This is an appeal by plaintiff from a judgment for defendant in a damage action for personal injuries.

Susan Dean, a four-year-old child, was struck by an automobile operated by defendant. The accident occurred in a residential district between six-thirty and seven p. m. on April 4th; the weather was clear. The testimony was conflicting as to the rate of speed the car was travelling; defendant testified to 15 or 18 miles per hour. There were cars parked along the curb. Defendant testified, on examination under section 2055, as follows:

"Q. Now, when was the first time that you knew that there was an accident?

"A. When I stopped my car.

"Q. When you stopped. When you put your brakes on—

"A. When I put my brakes on.

"Q. ——was the first time you knew that there was?

"A. That is right.

"Q. What caused you to put your brakes on?

"A. Well, I heard a little girl scream and I thought I seen something in front of my car, and I stopped the car.

"Q. You heard a little girl scream and you thought you saw something——

"A. ——in front of my car, and I stopped the car.

"Q. Now, by that statement—— I don't quite understand you. You thought——

"A. It happened so fast that I didn't realize that I struck something.

"Q. You thought you saw something in front of your car?

"A. That is right.

"Q. What did you think you saw?

"A. Well, I didn't realize at that time. I thought it was something moving in front of the car.

"Q. A human being or a human person or a child or something?

"A. Maybe so.

"Q. Maybe so?

"A. Yes.

"Q. In other words, you are not sure about that?

"A. I wasn't sure at that time.

"Q. When later things happened, that's when you found out?

"A. That is when I found out.

"Q. When you heard this scream did you know where this scream came from?

"A. After I stopped the car I got out of the car and seen a girl on the sidewalk about 11 years old, and she screamed and exclaimed that her sister is under the car, and I went in front of the car and I seen the little girl right under my car.''

The victim suffered a fractured arm and leg, cuts, abrasions, etc.

 It is contended by plaintiff on appeal that the court erred by including in the jury instructions, ''on its own motion,'' section 562 of the Vehicle Code; said provision pertains to the subject of right of way. It is argued in this connection that inasmuch as contributory negligence of the victim was not involved, said instruction was misleading and prejudicial. However, the court had stated to the jury during the trial that, ''The negligence of the parents cannot be imputed

to the child" and instructed the jury formally that "You are instructed that contributory negligence of plaintiff Susan Dean is not an issue in this case. You are further instructed that a child who is so young as to be wholly unable to apprehend apparent danger and to avoid exposure to it cannot be guilty of contributory negligence, and you are instructed that said Susan Dean at the time of the accident herein was too young to be chargeable with negligence." Although the instruction complained of was superfluous, in the light of the record, it cannot be held to have been prejudicial.

It is also contended that the court's failure to give certain requested instructions was error. Without going into detail, it appears that the court fairly and correctly instructed the jury as to all issues.

■ It is also urged, quoting from appellant's brief, that "The court erred in permitting Sandra Dean to testify that respondent's car was 'pretty close' to Susan Dean when said Sandra Dean shouted to her to stop.

"Sandra Dean, sister of appellant, and age 11 and a witness on behalf of respondent, whose testimony was taken by deposition by reason of illness, was asked the following question by respondent's attorney:

"Q. When she went out after the doll was the car close to her when you shouted to tell her to stop? A. Pretty close."

"Objection was made by counsel for appellant as to the question and answer on the ground that it called for a conclusion of the witness and was immaterial, irrelevant and ambiguous. The objection was overruled by the Court, and this testimony was read to the jury."

It is argued that inasmuch as, "distance in this case was of material import, the same constituted error." The question was not improper on cross-examination, nor was the reply irresponsive. The expression "pretty close" was merely descriptive. "Impressions or sensations caused by external objects are not susceptible of exact reproduction or description in words, nor do they affect every individual alike, and the judgment or opinion of the witnesses, by whom they have been experienced is the only mode by which they can be presented to a jury." (*Healy* v. *Visalia etc. R. R. Co.*, 101 Cal. 585, 589 [36 P. 125].) A witness is not required to testify with that degree of certainty which excludes all doubt from his mind. (*People* v. *Soap*, 127 Cal. 408 [59 P. 771].) Speed, distance, size, weight and the like are properly described by

such comparative expressions. For example, a witness may testify whether a vehicle was going fast or slow, although unable to testify in miles per hour. And slight opportunity to observe such speed is sufficient. (*Shimoda* v. *Bundy*, 24 Cal.App. 675 [142 P. 109].) That which is reasonably descriptive of a car in action is proper. (*Kramm* v. *Stockton Elec. R. R. Co.*, 22 Cal.App. 737, 754 [136 P. 523].) It is common knowledge that distance is frequently described by a witness by reference to objects in the court room. What the witness meant, therefore, by the expression, "pretty close," was for the jury to determine. There was no error in the ruling.

■ Finally, appellant argues that a certain question asked by defendant's counsel on cross-examination of the mother of Susan Dean, was prejudicial misconduct. The question was, "Are you in the habit of letting this little 4 year old child play around on the sidewalk unattended?" Although the question was immaterial, in the light of the record, it cannot be held prejudicial. The record reveals nothing extraordinary about the neighborhood that distinguishes it from the type in which children generally play on the sidewalk, and unattended. Common knowledge alone defends parents from any suggestion of negligence in such circumstances. Moreover, the court admonished the jury at the time the question was asked, that the negligence of the parents was not an issue and to disregard the question.

There being no errors in the record, the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied January 7, 1947, and appellant's petition for a hearing by the Supreme Court was denied February 13, 1947. Carter, J., voted for a hearing.