[Crim. No. 1091.  Second Appellate District, Division One.—June 28,
1924.]

## THE PEOPLE, Respondent, v. M. S. REED, Appellant.

[1] CRIMINAL LAW — BURGLARY — CORPUS DELICTI — EVIDENCE. — In a
prosecution for burglary, evidence that on the night of the alleged
burglary certain goods had been taken from the store of a given
company, in a designated city, without the knowledge or consent
of the owners, and that the person or persons who took away said
goods obtained entrance to the store by breaking through the door
and unlocking the inside fastening thereof, is sufficient to establish
the *corpus delicti.*

[2] ID.—CONFESSION—VOLUNTARY CHARACTER—PRELIMINARY FOUNDA-
TION—EVIDENCE.—In a criminal action or prosecution, before intro-
ducing in evidence an alleged confession of the defendant, the bur-
den is upon the prosecution to show that the confession was made
voluntarily and without inducement on the part of the officer; and
it is the duty of the judge of the trial court, when the question is
raised whether or not a confession of the defendant was volun-
tarily made, to hear evidence on the subject before allowing proof
of such confession, and to admit proof of the confession only in
the event he finds it to have been voluntary.

[3] ID.—REJECTION OF PRELIMINARY SHOWING—PROMISE OF IMMUNITY
—PREJUDICIAL ERROR.—In this prosecution for burglary, the ques-
tion of whether the alleged confession of the defendant was volun-
tarily made having been raised by defendant's counsel, it was
error to permit a witness for the prosecution to testify as to the
substance of the alleged confession without granting defendant's
request to first introduce his evidence of the circumstances under
which the confession was made; and it being admitted that the
district attorney, within three hours before the confession was
made, promised the defendant immunity from prosecution "if he

1. See 4 Cal. Jur. 718, 739; 7 R. C. L. 776.

2. Right of accused to introduce evidence as to voluntary char-
acter of confession before its admission, note, 15 **Ann. Cas.** 185.
See, also, 8 Cal. Jur. 116; 1 R. C. L. 581.

Use of confession in aid of other evidence to establish proof of
*corpus delicti,* note, 68 L. R. A. 73.  See, also, 4 Cal. Jur. 739; 8 Cal.
Jur. 115; 1 R. C. L. 586.

When confession is voluntary, notes, 18 L. R. A. (N. S.) 768, 50
L. R. A. (N. S.) 1077.  See, also, 8 Cal. Jur. 109; 1 R. C. L. 553.

would come through and tell everything," and there being no substantial evidence that such promise was retracted, such error was prejudicial to the rights of defendant.

(1) 16 C. J., p. 737, sec. 1514.   (2) 16 C. J., p. 717, sec. 1468, p. 733, sec. 1509, p. 735, sec. 1513.   (3) 16 C. J., p. 734, sec. 1511; 17 C. J., p. 330, sec. 3673.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. M. L. Short, Judge. Reversed.

The facts are stated in the opinion of the court.

J. C. C. Russell and Rowan Irwin for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and William R. McKay, District Attorney, for Respondent.

CONREY, P. J.—Pursuant to an indictment charging that the defendant, on December 7, 1923, in the county of Kings, committed the crime of burglary, defendant was tried and convicted. He appeals from the judgment and from an order denying his motion for a new trial.

An important part of the evidence, without which we cannot say that probably the defendant would have been convicted, consisted of a statement made by him while in the custody of the sheriff. The statement was made to the district attorney in the presence of several officers and other persons, and amounted to a confession of guilt. The defendant objected to this evidence upon the ground that the *corpus delicti* had not been proved, and on the further ground that any statement made by the defendant was made following a promise of immunity from prosecution, which promise was made by the district attorney to the defendant.

[1] Evidence had been introduced tending to show that on the night of the alleged burglary certain goods had been taken from the store of the J. S. Williams Company, in the city of Hanford, without the knowledge or the consent of the owners, and that the person or persons who took away said goods had obtained entrance to the store by breaking through the door and unlocking the inside fastening thereof. We think this was sufficient to establish the *corpus delicti*.

[2]   Before introducing in evidence such a confession of a defendant, the burden is upon the prosecution to show that the confession was made voluntarily and without inducement on the part of the officer.   (*People* v. *Castro,* 125 Cal. 521, 526 [58 Pac. 133].)   "It is the duty of the judge of the trial court, when the question is raised whether or not a confession of the defendant was voluntarily made, to hear evidence on the subject, before allowing proof of such confession; and to admit the proof only in the event that he finds it to have been voluntary."   (*People* v. *Fowler,* 178 Cal. 657, 662 [174 Pac. 892, 893].)   "It is also true that if threats and inducements are made to a prisoner, and within a few days thereafter he makes a confession, such acknowledgment of the commission of the crime may not be introduced in evidence unless it clearly appears that the threats and inducements had ceased to operate on his mind to bring about his statement of his own guilt."   (*People* v. *Loper,* 159 Cal. 6, at p. 14 [112 Pac. 720, 723].)

[3]   It is admitted that the district attorney, within three hours before the confession was made, promised the defendant immunity from prosecution "if he would come through and tell everything."   The first promise was made by the district attorney through one W. B. Dalby, a constable.   The second was made a few minutes later by the district attorney personally.   Dalby was present at the third conversation, wherein the confession was obtained.   Being asked what was said at that time, he replied, "Well, Mr. McKay asked him in regard to his making a statement, if what he made was free and voluntary.   I don't know; he went through the usual performance.   I can't repeat the questions."   Near the close of Dalby's testimony, counsel for the defendant said, "If the court please, I don't care whether I make it now or later, but I would like to introduce some evidence in addition to that by this witness."   The Court: "I am going to let the district attorney make his case first.   He has a right to introduce a little evidence on that line before you introduce any more."   At that time the defendant had not introduced any evidence on that subject aside from cross-examination.   A little later and following his objection to a question calling for a statement by Dalby of the substance of a conversation wherein the defendant stated the manner in which he had secured the goods, counsel for defendant

further said: "Before any confession is gone into, we would like to introduce evidence to show what had been said, and the immunity and reward that had been offered to him at that time." The court responded, "Proceed with your statement." Whereupon the witness answered the question. This answer contained some of the incriminatory matter of confession which was more fully contained in the formal statement afterwards introduced. It was error to admit such evidence without granting defendant's request to first introduce his evidence of the circumstances under which the confession was made. (*People* v. *Columbus,* 49 Cal. App. 761 [195 Pac. 288].)

The formal statement itself was taken down in shorthand by Mrs. Schubart, a deputy sheriff, and was afterward transcribed and signed by her. There is no evidence that this statement was ever read over to or signed by the defendant, but we do not understand that objection has been made to it on that ground. At the close of the testimony of Mrs. Schubart, the district attorney offered in evidence the said statement as written out by Mrs. Schubart. The defendant renewed his objection before made. The objection was overruled, and the statement then was read in evidence.

Following the reading of the statement in evidence the sheriff, W. J. Hime, testified that he was present when said statement was made, and that the statement was given freely and voluntarily. He admitted, however, that he was not present at the beginning of the making of the statement and therefore did not hear any of the conversation until some half dozen of the questions contained in the statement had been answered. The testimony of the district attorney, wherein he claimed that he had retracted his promise, was all introduced after the confession had been read in evidence, and after the testimony of Mr. Hime.

After the People had presented their case the defendant introduced the testimony of Mrs. Reed, wife of the defendant. She stated, among other things, that she was present at the time when the alleged statement was given by her husband, and that the district attorney did not make any statement at that time that he had retracted his promise of immunity. In this connection it should be noted that Mr. Dalby, who was present at that same time and place, testified that he did not hear the district attorney say that he

had retracted his promise of immunity. The district attorney himself in his testimony, while he claimed that he had retracted his earlier promise to the defendant, declined to say that he had in direct terms stated that he retracted what he had said. He testified that he had done so in substance. He also said, ''Everything I said was taken down by the reporter.'' But when we turn to the statement as taken down by the reporter, we find in it no statement wherein any reference is made to the previous conversation in which the promise had been given. There are merely the formal questions and answers, to which Mr. Dalby referred in his statement that the district attorney ''went through the usual performance.''

We deem it unnecessary to dscuss the other points relied upon by appellant. In large part, they have some relation to the admission in evidence of the alleged confession. The error committed, in allowing the introduction of that evidence, is so far prejudicial to the rights of the defendant that he is entitled to a new trial.

The judgment and order are reversed.

Houser, J., and Curtis, J., concurred.