[Crim. No. 2664.   Second Appellate District, Division One.—June 14, 1935.]

THE PEOPLE, Respondent, v. CARL B. EUBANKS, Appellant.

Milton H. Silverberg for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The two counts of the information separately charge robberies committed on August 9, 1934. In count one the property was taken from one Mrs. Misson, and in count two from one John Thompson. On this appeal after conviction, the defendant relies upon two principal contentions, viz., that the trial court denied the right of the accused to stand trial without a jury; and that the evidence does not justify the verdict.

When the case was called for trial defendant's attorney stated that the defendant "desires to waive trial by jury". The court replied: "I think that we will try the case with the jury. Do you wish to waive the jury trial?" The district attorney replied, "I am willing to waive a jury." The court responded, "I think I will order a jury. I will order a jury, even though you are willing to waive it." It is provided in article I, section 7, of the Constitution of California, that "A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, . . . " While a defendant charged with felony has a constitutional right to trial by jury, it does not follow that he has a constitutional right to be tried by the court without a jury. In the absence of authority to the contrary, we are of the opinion that the provision of the Constitution for waiver of jury trial does not take away from the trial court its power to require that the cause be tried by jury. (See *Regina* v. *Brewster,* 2 Territories Law (Canada), 353.)

The contention of appellant that the evidence is insufficient to justify the verdicts of the jury is without merit. That the robberies were committed is an unquestioned fact.

In the Misson robbery the defendant was most positively identified both by Mrs. Misson and by her son. In the other case we find that the witness Thompson clearly and positively identified the defendant as the person who came to his house and took from him the diamond of which he was robbed. The fact that there is other testimony produced by the defendant, tending to prove that the robbery was not committed by him, or that it was committed by another person, has no further effect than that it creates a conflict in the evidence. That furnishes no sufficient ground for reversal.

The judgments are affirmed and the order denying motion for new trial is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1935.