[Crim. No. 1945. First Appellate District, Division One.—April 3, 1937.]

THE PEOPLE, Respondent, v. WILLIAM McCONNELL, Appellant.

William McConnell, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appeal from an order sustaining a demurrer to a writ of error *coram nobis* without leave to amend and denying the petition for the writ. From the order denying the writ petitioner has appealed.

It appears from the facts that on December 31, 1928, the district attorney of Contra Costa County filed an information charging appellant with grand theft, and two prior convictions of grand larceny, one in Alameda County and one in El Dorado County. One of the two prior convictions, that in El Dorado County, was committed on October 24, 1920, and the amount involved was eighty dollars. This crime at the time of its commission constituted a felony. Appellant pleaded guilty to the substantive charge of the crime of which he was charged in the information filed on December 31, 1928, and admitted the two prior convictions. He was sentenced to Folsom state prison as an habitual criminal under section 644 of the Penal Code. Appellant contended at the hearing of the writ, and here contends, that upon his trial in 1928 when he admitted the prior conviction occurring in El Dorado County, the law had been amended in 1923 so that the theft of eighty dollars was no longer a felony, and that therefore he improperly admitted that offense as a prior felony conviction. There is no merit in this contention. The Habitual Criminal Act, section 644 of the Penal Code, contains no provision that the prior felony must be such an offense at a subsequent date of prosecution. The date of conviction, therefore, is the time to be considered in determining whether or not the offense was a felony at the subsequent trial.

In support of his claim appellant has cited us to the case of *People* v. *Pace*, 2 Cal. App. (2d) 464 [38 Pac. (2d) 202.] The case does not support his contention. There the prior conviction was the theft of ten dollars committed in a sister state where the offense constituted a felony but would have been a misdemeanor in this state and not subject to a state's imprisonment either before or after the 1923 amendment. Where prior convictions charged have been suffered in sister

states, section 668 of the Penal Code controls. It is there provided that the question of a defendant being an habitual criminal must be measured by the punishment to be imposed in this state for the offense. (*People* v. *Shaw,* 137 Cal. App. 533 [30 Pac. (2d) 1031].)

Moreover, appellant could have raised the question here presented on an appeal from the judgment, but no appeal was taken. Under these circumstances the point made cannot be the basis subsequently for the issuance of a writ of error *coram nobis.* (*People* v. *Lawyer,* 11 Cal. App. (2d) 718 [54 Pac. (2d) 747].)

The order is affirmed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1937.