[Civ. No. 19936.   Second Dist., Div. One.   Apr. 13, 1954.]

GILBERT JOE QUIROZ, a Minor, etc., et al., Appellants, v. MARK STUZANE et al., Respondents.

Rayfield Lundy and William B. Jones for Appellants.

Gladys Towles Root and Joseph M. Rosen for Respondents.

DORAN, J.—The action is for damages suffered by Gilbert Quiroz who, at the time of the accident was 9 years 9 months old. While crossing the street the boy was struck by a truck driven by defendant Antonio S. Andrade.

The trial judge decided, as the findings recite,

"I

"That the defendant Antonio Soto Andrade was negligent in the operation of the 1935 Dodge pick-up truck.

## "II

"That plaintiff Gilbert Quiroz was guilty of contributory negligence in the crossing of the street known as Compton Boulevard, and that the said contributory negligence was the proximate cause of the collision between the truck operated by defendant Antonio Soto Andrade and the plaintiff Gilbert Quiroz."

As recited in appellant's brief, "The sole issue wished to be argued by plaintiff is whether or not the court's ruling that plaintiff was guilty of contributory negligence was proper."

In this connection appellant argues that, "A pedestrian crossing a street between intersections, at a place other than a marked crosswalk, must yield the right of way to vehicles. This is not a prohibition against crossing the street at a place other than a crosswalk, nor is crossing the street between intersections at a point other than a crosswalk negligent as a matter of law. And it is not necessarily the proximate cause of collision with an approaching vehicle, nor does it necessarily acquit the motorist of a charge of negligence. 7 Cal.Jur. (2d) p. 112, § 270."

It also should be noted, as recited in 7 California Jurisprudence (2d) page 121, that, "The conduct of a child of immature judgment should not be measured by the standard of care required from an adult, for the reason that children have an imperfect knowledge of natural facts and laws and of the proper relation between cause and effect; they lack the discretion, thoughtfulness, and judgment presumed to be attributes of an ordinarily prudent adult who acquires these by experience. Thus, conduct which would be sufficient to charge an adult with contributory negligence as a matter of law may have no such effect in the case of a child."

For an excellent and comprehensive review of the law applicable to the issue, see 7 California Jurisprudence (2d) pages 107-126, inclusive, and also 9 West's California Digest, page 46 et seq.

The evidence may be best presented by referring to the testimony of Eugene Davis, who was driving a taxicab at the time and place of the accident. Davis testified, referring to the truck driver, "I noticed him on Compton Avenue, at about 97th Street, when I first noticed the truck." "He was traveling north." "I saw the truck driving in such a manner, he was driving so fast and weaving in and out, that I paid attention to him and I remarked that——

"THE COURT: Do not——

"THE WITNESS: Well, he was driving in a fast manner——

"THE COURT: Wait a minute, Mr. Davis.

"THE WITNESS: Yes.

"THE COURT: You are not allowed in testifying to tell what you said——

"THE WITNESS: I see.

"THE COURT: ——or what anybody else said unless Mr. Andrade was there and heard you.

"THE WITNESS: Thank you.

"THE COURT: You can tell what you saw or the things that you heard but not the things that were said except in the presence of Mr. Andrade."

The above-quoted ruling by the court was error. The remark the witness referred to in all probability related to the manner in which defendant was operating the truck and was relevant. It did not call for hearsay and the rule referred to by the trial judge did not apply.

The witness continued,

"A. Well, the truck would pass me, then we would come to an intersection and it would go by me again, and when we'd come to another intersection it would weave out and in and pass me again. And at the point of the accident I happened to be stopped and the truck was in the rear. I particularly noticed him because of the noise that the motor was making, traveling at such a high speed."

The witness testified that the cab was stopped to let the boy pass and continued:

"Q. And the truck passed you? A. On the right side."

The witness testified that at the time the truck passed it was traveling 35 or 40 miles an hour and that, "In fact, there was two cars there, one on my left, and I was on the right, stopped to let the child by.

.    .    .    .    .    .    .    .    .    .    .    .

"A. ——I had stopped, and the boy came right across in the front, and the truck came up on the extreme right and hit the child; but there were a car going south on the west side of the street who had stopped also . . ."

It is important to note at this point another incident in the trial. A witness testified as follows:

"Q. Did you see what part of the car hit him? A. I am not sure, but I think it was the——

"MR. IBANEZ: I object to anything that the witness says he thinks he saw.

"THE COURT: You may tell what you saw, not what you think you saw."

The ruling was error. It is elementary that a witness "is not required to testify with that certainty which excludes all doubt from his mind" (*People* v. *Soap*, 127 Cal. 408 at 410 [59 P. 771]). The court held in *People* v. *Schoon*, 177 Cal. 678, at 680 [171 P. 680], that, "There is no legal objection to such testimony." In the Schoon case the witness testified, "I thought I saw somebody lying on the sidewalk," etc.

Section 529 of the Vehicle Code provides that "The driver of a motor vehicle may overtake and pass another vehicle upon the right *only* under conditions permitting such movement in safety." (Italics added.) Section 562, subdivision (b), provides that, "The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway." Obviously, the fact that the other cars traveling in both directions had stopped was notice to the operator of the truck to proceed cautiously. The finding by the trial judge that the defendant was guilty of negligence is abundantly supported by the evidence and the law.

The finding that the boy was negligent, however, presents a different question. There are many cases where pedestrians crossing streets are held to be negligent but it does not follow and, it is not the law, that such an act is negligence *per se*. Manifestly each case depends on the facts and circumstances. It is well settled that pedestrians and the operators of motor vehicles have equal rights. The record herein discloses no evidence, direct or circumstantial, that the boy was negligent. The attempted appeal from the order denying a new trial is dismissed.

The judgment is reversed and the cause remanded for a new trial.

White, P. J., and Drapeau, J., concurred.