[Crim. No. 1413.   Fourth Dist.   May 4, 1959.]

THE PEOPLE, Respondent, v. ALONZO CHARLES SPENCER, Appellant.

Alonzo Charles Spencer, in pro. per., and Manuel L. Kugler, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

SHEPARD, J.—Defendants Alonzo Charles Spencer, John Henry O'Neal and Phillip O'Neal were charged in Count 1 of the information with a violation of Penal Code, section 182 (conspiracy to commit the crime of forgery), on July 6, 1958. Said count alleged four overt acts but before trial overt act Number 4 was dismissed on motion of the district attorney. By the second count of the information they were charged with a violation of Penal Code, section 470 (uttering a forgery), on or about July 7, 1958. By the third count of the information they were charged with a violation of Penal Code, section 470 (uttering a forgery), on or about the 8th day of July, 1958. Defendant Alonzo Charles Spencer was charged with having, prior to the date of the offenses alleged in the information, been convicted of six separate felonies: (1) house breaking in South Carolina in 1943; (2) house breaking and larcency in South Carolina in 1943; (3)

house breaking and larceny in South Carolina in 1943; (4) assault and battery with a dangerous weapon in Massachusetts in 1950; (5) armed robbery in California in 1953; and (6) grand theft in California in 1953.

Defendant Spencer admitted the three prior convictions alleged to have occurred in Massachusetts and in California, but denied the three prior convictions alleged to have occurred in South Carolina. Upon the conclusion of the trial the jury found defendant Spencer guilty of all three counts charged in the information, and further found that the allegation as to the three prior convictions which had been denied were true. Defendants John Henry O'Neal and Phillip O'Neal were each found guilty on Count 1 (the conspiracy charge) and of Count 3 (uttering a forgery on July 8), but the O'Neals were acquitted on Count 2 (uttering a forgery on July 7). Thus, the defendant Spencer stands convicted on the count of conspiracy, on both counts of uttering a forgery, and with six prior felony convictions. Defendant Spencer alone has appealed.

The attorney for appellant has filed a report with this court stating that he had reviewed the record and his own memory of the whole proceeding, and that he has found no reversible error in the proceedings.

The defendant on his own behalf has filed a brief in which he contends that the court committed prejudicial error in five different respects.

■ The first contention apparently is that the information is insufficient to charge the crime of conspiracy. We have examined Count 1 of the information carefully and if this is, in fact, defendant's contention it is without merit. The count in general substance charges the three defendants with ''Conspiracy to Commit the Crime of Forgery . . . on or about the 6th day of July, 1958, at the said County of San Diego, State of California, and before the filing of this information did wilfully, unlawfully and feloniously conspire, combine and agree together to commit the crime of Forgery, a felony''; Thereafter follow the allegations of the three overt acts retained for trial purposes, the quotation of the first of which will serve to exemplify all three. It states:

''That thereafter, at and in the County of San Diego, on or about the 7th day of July, and in the pursuance of the object of said conspiracy, the said ALONZO CHARLES SPENCER went to the Bank of America National Trust and Savings

Association, Main Office, San Diego, California, and attempted to pass a check'';

It is clear from the foregoing that the language of the information gave to the defendant a clear and concise information as to what he was charged with, and sufficiently followed the charging requirements of Penal Code, section 182.

■ The second contention of the defendant is that Count 3 of the information failed to show the existence of forgery or fraud. Said count of the information reads as follows:

"And the said ALONZO CHARLES SPENCER, JOHN HENRY O'NEAL and PHILLIP O'NEAL are further accused by the said District Attorney of the County of San Diego, State of California, by this Information of the crime of Uttering a Forgery (PC 470) committed as follows: The said ALONZO CHARLES SPENCER, JOHN HENRY O'NEAL and PHILLIP O'NEAL on or about the 8th day of July 1958, in said County of San Diego, State of California, and before the filing of this Information, did unlawfully and fraudulently utter, publish and pass as maker thereof, knowing that said check was false and forged, with intent to defraud VICTOR PETRIKS, and the Bank of America National Trust and Savings Association, La Jolla Branch, La Jolla, California, a national banking association;''

A reading of this shows that the appellant was informed that he was charged with the crime of uttering a forgery. He was told the names of the people that he tried to defraud, the date of the offense, the fact that the check was false and forged, and that he did unlawfully and fraudulently utter the same. An examination of the transcript of the trial shows that the district attorney in his opening statement identified the check as one uttered by John Henry O'Neal in the amount of $650 on July 8. It was identified by several witnesses, placed in evidence, referred to by defense counsel for all defendants, and not once was any question raised about the sufficiency of said Count 3 of the information. From an examination of the entire record it is beyond question that defendant, both through his attorney and personally, fully understood with what crime he was charged and what check was identified to which count of the information. We are unable to see that the typographical deficiency caused the slightest misapprehension on the part of the defendant or in any other way prejudiced him. (Pen. Code, §§ 960, 1404; *People* v. *Haagen,* 139 Cal. 115, 116 [2] [72 P. 836]; *People* v. *Williams,* 27 Cal.2d 220, 226 [3] [163 P.2d 692].)

■ Defendant next contends that he was unlawfully compelled to be tried before a jury in that he waived trial by jury so that he could be tried by the judge sitting without a jury. While it is perfectly true that a trial by jury may be waived in criminal cases by the consent of both parties, an examination of the record in this case shows that the district attorney refused to waive trial by jury. It is necessary for a waiver of trial by jury to become effectual for the defendant, his counsel and the district attorney to all consent. (Cal. Const., art. I, § 7; *People* v. *Barnum,* 147 Cal.App.2d 803, 808 [7] [305 P.2d 986]; *People* v. *Garcia,* 98 Cal.App. 702 [277 P. 747]; *People* v. *Eubanks,* 7 Cal.App.2d 588, 589 [1] [46 P.2d 789].)

Defendant next contends that the district attorney made improper statements to the jury. We have examined all of the specifications in this respect and we can find nothing in any of them that even remotely resembles impropriety. In addition thereto, we have examined the entire record and we nowhere find any statements by the district attorney which in our opinion constitute prejudicial misconduct.

■ Next the defendant contends there were inconsistencies in the testimony and cites conflicts between the defense testimony and the prosecution testimony. As we have said many times before, where the evidence is conflicting, the decision of the trial court on matters of fact will not be disturbed. This court cannot weigh the evidence. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777 [163 P.2d 756]; *Burrows* v. *Burrows,* 18 Cal.App.2d 275 [63 P.2d 1135]; *Berniker* v. *Berniker,* 30 Cal.2d 439 [182 P.2d 557].)

■ Next the defendant contends that defendant was denied a fair trial because counsel for defense and prosecution at times conferred with the judge privately out of the hearing of defendant and out of the hearing of the jury. Some of these conversations appear in the record and some do not. Those that do show in the record show affirmatively that nothing was said which could possibly prejudice the defendant. Furthermore, all were out of the hearing of the jury and could not have prejudiced the defendant in any event. The defendant has not suggested to us how he might have been prejudiced. Defendant's attorney was present at all times and it is apparent from reading the entire record that he was assiduously and alertly protecting the rights of the defendant. The burden is on the appellant to show any preju-

dice resulting to him. (*People* v. *Isby*, 30 Cal.2d 879, 894 [13] [186 P.2d 405] ; *People* v. *Justice*, 167 Cal.App.2d 616, 623 [7] [334 P.2d 1031].)

■ The next contention contains the suggestion that there was an alternate juror who retired with the jury to deliberate. The record does not support this suggestion in any way, and we cannot consider matters which the record does not support. (*People* v. *Hernandez*, 150 Cal.App.2d 398, 402 [2b] [309 P.2d 969] ; *People* v. *McKinney*, 152 Cal.App.2d 332, 336 [7] [313 P.2d 163].)

This court has been at pains to read the entire record of this case and it appears to us therefrom that defendant was represented by alert and conscientious counsel, that he was accorded a full and fair trial, and that the evidence, although partially circumstantial and conflicting, was amply sufficient to support the verdict of the jury and the judgment of the court.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 22, 1959, and appellant's petition for a hearing by the Supreme Court was denied July 1, 1959. Gibson, C. J., and Peters, J., were of the opinion that the petition should be granted.