[Crim. No. 1451. Fourth Dist. Sept. 29, 1960.]

THE PEOPLE, Respondent, v. DAVID KENNETH GOTHAM, Appellant.

50

David Kenneth Gotham, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Clara E. Kauffman, Deputy Attorney General, James Don Keller, District Attorney, and Earl H. Maas, Jr., Deputy District Attorney, for Respondent.

SHEPARD, J.—Defendant was charged with the crime of burglary, and with a prior felony conviction of burglary in this state. He admitted the prior felony conviction, was found guilty and the degree was fixed at second degree. He was sentenced to state prison for the period provided by law. He appeals from the verdict.

No appeal lies from a verdict. (*People* v. *Goldstein*, 136 Cal.App.2d 778, 793 [27] [289 P.2d 581].) However, appellant is acting in propria persona and under that circumstance we will view the notice of appeal liberally to permit a hearing on the merits (*People* v. *Robinson*, 43 Cal.

2d 143, 145 [3] [271 P.2d 872]), and in the interests of justice will review the merits of defendant's appeal. (*People v. Mike,* 163 Cal.App.2d 466, 467 [1-2] [329 P.2d 519].)

The record before us shows that in the late afternoon of September 27, 1959, defendant kicked in the plate glass door of a closed café in San Diego, entered, took some small-coin change from the cash register and left, running. A passerby saw him, pursued and caught him. The police were notified and arrived a few minutes later. On arrival the officers mistakenly started to arrest the captor. Defendant corrected the mistake, saying, "No, I am the one."

Defendant at first blamed the burglary on another person named "Johnny," describing him. Police search of the locality where defendant said "Johnny" was located revealed no such person. Defendant at trial testified this statement was false. Search of defendant's shoes revealed several nickels and bits of glass. Although the proprietor had not yet arrived and no others there present then knew what had been taken, defendant volunteered the explanation of the nickels in his sock by saying, "No, I just put them there. I knew if I had too much change in my pocket they would blame me for what happened." Defendant also had in his pockets considerable small change, including nickels, dimes and pennies. Later, the café proprietor arrived, checked the cash register and found 50 cents in small change missing. Still later, at the jail, defendant volunteered to interrogating officers still another story of being taken to the café in a small car by two other persons, entering, taking change from the cash register, and running away. The next day, on interrogation by two other officers, defendant wrote in his own handwriting the following statement:

"September 28, 1959, 11:30 a. m., City Jail. About 5:00 in the afternoon yesterday I was sick. I broke a window in a store and took some nickels. A guy chased me. He caught me and held me until the police came. They took me back to the place where it happened. They took the nickels that I took from the register. This statement is made of my own free will without promise or threats on the part of the police. David K. Gotham."

In his own testimony at the trial, defendant did not deny kicking in the door glass, but did deny entry and theft. He also denied or stated he did not remember some of his oral admissions. He claimed that he drank about one and three-fourths pints of whiskey plus other whiskey and beer at a bar,

during the few hours previous to the burglary. He does not state he was too drunk to understand the nature of his acts. He was able to run from the scene. He talked rationally and coherently to his captor and the officers a few minutes later, and did not appear to the officers to be drunk. Although there are conflicts between his testimony and that of the witnesses for the prosecution, he does give a lucid account of events occurring at the time of the burglary.

### CORPUS DELICTI SUFFICIENTLY ESTABLISHED

 Defendant contends the corpus delicti was not established *aliunde* the statements of defendant. With this we cannot agree. By evidence independent of defendant's statements, it was shown that there was an unlawful breaking into a building and that the owner's property was taken without the knowledge or consent of the owner. This sufficiently establishes the corpus delicti. (*People* v. *Reed*, 68 Cal.App. 19, 20 [1] [228 P. 361].) As was said in *People* v. *Loggins*, 132 Cal.App.2d 736, 739 [5-6] [282 P.2d 961] :

"The intent of the accused in entering a house was a question of fact, and where the circumstances and conduct of the accused reasonably indicate his purpose in doing so is to commit a larceny or any felony, verdict of guilty of burglary will not be disturbed on appeal. [Citation.] The intent to commit theft could reasonably be inferred from the forcible and unlawful entry."

 While it is true that admissions are insufficient, standing alone, to justify conviction (*People* v. *Saunders*, 13 Cal.App. 743 [110 P. 825] ; *People* v. *Besold*, 154 Cal. 363 [97 P. 871]), nevertheless in order to permit them to be received in evidence it is necessary only that prima facie proof establish the corpus delicti, and this may be done by circumstantial as well as direct evidence. (*People* v. *Corrales*, 34 Cal.2d 426, 429 [1-3] [210 P.2d 843].)

### CHRONOLOGY OF EVIDENCE IS IN SOUND DISCRETION OF COURT

 Defendant next complains that certain evidence relating to defendant's statements was received before the café proprietor testified that he did not give defendant permission to enter and that property was taken without the proprietor's consent.

First, defendant's counsel waived objection to the chronology. Furthermore, while it is ordinarily better practice to establish the corpus delicti first, nevertheless the order of proof is discretionary with the court and where the corpus

delicti is, in fact, established by evidence *aliunde* the statements of defendant, the order of proof does not result in prejudice to defendant's rights. (*People* v. *Hudson,* 139 Cal. App. 543, 545 [3] [34 P.2d 741] ; *People* v. *Clark,* 70 Cal.App. 531, 546 [5] [233 P. 980] ; *People* v. *Rupp,* 41 Cal.2d 371, 378 [3] [260 P.2d 1].)

### SUFFICIENCY OF EVIDENCE

Defendant next contends that evidence was insufficient to support the verdict. He contends the testimony of the café proprietor was unreliable because at the trial the proprietor's testimony showed 50 cents in small change was missing, while at the preliminary the proprietor's testimony was that 40 or 50 cents was missing. He points to minor discrepancies between the testimony of officer Brody and the proprietor in the same regard. He contends that the hole in the door glass was too small to allow the entry of the officers, and that defendant's explanation is the only logical and truthful testimony. The officers testified that Officer Svidal did, in fact, enter through the broken panel. ▮▮ As was said in *People* v. *Treggs,* 171 Cal.App.2d 537, 545 [8, 9] [341 P. 2d 342] :

"The question of credibility of witnesses and apparent inconsistencies between the statements of witnesses are all within the province of the duly constituted arbiters of the facts, and unless testimony can be said to be inherently improbable, an appellate tribunal will not interfere with a jury's determination of the credibility of witnesses where the evidence is in conflict."

Defendant complains that he was convicted in part on circumstantial evidence. ▮ "[C]ircumstantial evidence is as adequate to convict as direct evidence." (*People* v. *Goldstein,* 139 Cal.App.2d 146, 155 [12] [293 P.2d 495].)

▮ Defendant also complains of lack of absolute certainty by the proprietor on the exact amount of change missing from the register. Lack of absolute certainty by a witness is not fatal. It goes only to the weight of the testimony. (*People* v. *Harris,* 87 Cal.App.2d 818, 824 [4] [198 P.2d 60] ; *Quiroz* v. *Stuzane,* 124 Cal.App.2d 534, 538 [3] [269 P.2d 103].)

▮ Defendant's denial of his confession and admissions and failure to remember portions of his statements merely raises a conflict in the evidence which a jury resolved against him. (*People* v. *Parker,* 119 Cal.App. 246, 250-251 [1, 2, 3]

[6 P.2d 82] ; *People* v. *Cahan,* 126 Cal.App.2d 785, 792 [2] [273 P.2d 64].)　　　The corpus delicti having been established, evidence of defendant's confession and statements is admissible to connect him with the crime and to establish proof beyond a reasonable doubt. (*People* v. *Childers,* 154 Cal.App.2d 17, 22 [6-8] [315 P.2d 480].)

We are satisfied from a full reading of the entire record that the evidence was amply sufficient to support the conviction of defendant.

### Voluntary Character of Statements

Defendant complains next that his statements and, in particular, his written confession, were not voluntary and should not have been admitted in evidence. The officers testified that they had not promised defendant any reward, immunity or gratuity, nor used any force or threat against defendant. Defendant himself gave no testimony of any duress or coercion. The record does not, in fact, show any threat, express or implied, nor any improper inducement. While defendant appeared to be "shaky" and ill, he nevertheless was clearly able to talk and answer questions coherently, and to write his own statement in his own handwriting. (*People* v. *Farrington,* 140 Cal. 656, 661 [74 P. 288].)

Whether a confession or statement is free and voluntary is a preliminary question addressed to the trial court and is to be determined by it. (*People* v. *Sewell,* 95 Cal. App.2d 850, 854 [2] [214 P.2d 113].)

"A ruling of the trial court with reference to whether a statement was made voluntarily will not be disturbed on appeal if there is substantial evidence to support the ruling." (*People* v. *Ridout,* 154 Cal.App.2d 669, 674 [2] [316 P.2d 396].)

### Admissions by Silence

Defendant does not raise the subject of admissions by silence nor evidence of falsehoods in his brief, but his trial attorney has mentioned them in a letter to this court, and we will therefore discuss them in the interest of full treatment on the merits.

Officer Brody testified, over objection, that when he and defendant were about to leave the scene of the crime, defendant shouted to Alcorn, his captor, "Man, tell them I didn't do it. You know I didn't do it." Alcorn replied: "You did it. You went into the place and you came outside and there was no one else around in the area at the time. You

are the only one I seen [*sic*] and it had to be you.'' Defendant did not reply to the accusation. The accusatory statement and the fact of defendant's silence may be offered as an implied admission of guilt. (*People* v. *Davis,* 48 Cal.2d 241, 249 [6] [309 P.2d 1] ; Code Civ. Proc., § 1870, subd. 3.) ██ It was a question of fact for the jury whether the reaction of defendant showed consciousness of guilt. (*People* v. *Simmons,* 28 Cal.2d 699, 718 [6b] [172 P.2d 18].) ██ The fact that defendant was in police custody does not of itself make the evidence inadmissible. (*People* v. *Simmons, supra,* 715 [7].) ██ Evidence of Alcorn's accusation and defendant's silence in the face thereof was properly admitted.

### DEFENDANT'S FALSE STATEMENTS

██ The officers also testified that defendant told them at the time he was first questioned at the scene of the crime, that a man of similar appearance to defendant, named ''Johnny,'' was the person who had committed the act. In defendant's testimony at the trial, he admitted that this story was false. As was stated in *People* v. *Osslo,* 50 Cal.2d 75, 93 [4] [323 P.2d 397] :

''Such falsifications cogently evidence consciousness of guilt and suggest that there is no honest explanation for incriminating circumstances, and thus are admissions of guilt.''

### PRIOR CONVICTION

██ Defendant complains that his trial attorney improperly handled the subject of defendant's prior conviction of second degree burglary. It appears that defendant was originally represented by a different attorney and at defendant's request another attorney was substituted to represent defendant at the trial. Under advice of defendant's original attorney, defendant had at arraignment admitted the fact of the prior conviction. At the trial defendant, on the advice of his then attorney, denied such conviction. Defendant had been convicted and sentenced to the California Youth Authority in 1952, but never made any application for nor secured any order determining that the crime was a misdemeanor. Penal Code, section 17, in 1952 read as follows:

''Where a court commits a defendant to the California Youth Authority upon conviction of a crime punishable by imprisonment in the state prison or fine or imprisonment in a county jail, in the discretion of the court, the crime shall be deemed a felony until and unless the court, after the person

committed has been discharged from control by the California Youth Authority, and only if he was not placed in a state prison by the authority during the period of such control, on application of the person so committed and discharged, makes an order determining that the crime of which he was convicted was a misdemeanor.''

In 1959 the section was amended to read in part as follows:

''Where a court commits a defendant to the Youth Authority upon conviction of a crime punishable, in the discretion of the court, by imprisonment in the state prison or fine or imprisonment in a county jail, the crime shall be deemed a misdemeanor.''

Defendant's trial counsel argued that the 1959 amendment should be given retroactive effect so as to apply at the time of the present charge. The trial court rejected this contention. The date of conviction is the date to be considered in determining whether or not the offense was a felony at a subsequent trial. (*People* v. *McConnell,* 20 Cal.App.2d 196, 197 [1] [66 P.2d 720] ; *In re Harincar,* 29 Cal.2d 403, 406-407 [1] [176 P.2d 58].)

Such conviction was admissible, furthermore, for impeachment of defendant, and defendant's complaint in this regard is without merit. (*People* v. *Williams,* 27 Cal.2d 220, 228 [9] [163 P.2d 692].) It is clear from a reading of the record that defendant's counsel was acting in good faith for the best interests of defendant, even though the trial court properly ruled against his contention. Since defendant took the witness stand, the fact of defendant's prior conviction of a felony was admissible even though defendant had admitted it at arraignment. (*People* v. *Chapman,* 81 Cal.App.2d 857, 863 [9] [185 P.2d 424].) Counsel's attempt, while unsuccessful, could not help but impress on the minds of the jurors the youth of defendant at his prior conviction, which certainly would not have been detrimental and probably was advantageous to defendant's cause. There is no merit to defendant's contention of negligence of his counsel. (*People* v. *Schiers,* 160 Cal.App.2d 364, 377-378 [9b, 10, 11] [324 P.2d 981, 329 P.2d 1].)

### ALLEGED CHANGE OF VENUE

▇▇▇▇ Defendant's next contention, that he was not present when a change of venue was ordered, apparently arises from a confusion in defendant's mind between the subject of venue and assignment to a trial department. The record shows

that defendant and his counsel were present at all hearings. The record shows no change of venue, and an examination of the record makes clear that none was, in fact, had. Statements of an appellant not supported by the record cannot be considered on appeal from a judgment. (*People* v. *Robinson,* 102 Cal.App.2d 800, 807 [8] [228 P.2d 583] ; *People* v. *Leon,* 152 Cal.App.2d 49, 50 [1] [312 P.2d 736].)

### CONFERENCES AT BENCH

Defendant contends that the district attorney prejudiced the judge against defendant. He also contends his trial counsel was negligent in allowing the trial to "proceed out of order." Defendant refers to discussions at the bench, out of presence and hearing of the jury, concerning questions of defendant's prior conviction and an extrajudicial statement by defendant : "I wanted to get some money to go to Tiajuana to get a fix." The transcript shows that the judge, district attorney and defendant's counsel were discussing the law applicable to these two matters and that the district attorney made no prejudicial remarks to the judge. The proceedings were held out of the presence and hearing of the jury, and defendant's rights were vigorously protected by his counsel. The judge was determining questions of law, which were of no legitimate concern to the jury. There is no merit to defendant's contention. (*People* v. *Teitelbaum,* 163 Cal.App.2d 184, 207-208 [10-11] [329 P.2d 157] ; *People* v. *Spencer,* 170 Cal. App.2d 145, 149 [5] [338 P.2d 484].)

Furthermore, defendant has not suggested how he might have been prejudiced, and the burden is on defendant to show any prejudice resulting to him. (*People* v. *Spencer, supra.*)

### ALLEGED MISCONDUCT OF DISTRICT ATTORNEY AND JUDGE

Defendant contends that the judge and district attorney conspired to withhold facts by advising the witnesses on the nature of testimony they were to give. The portions of the record cited by defendant show that the judge and both counsel were discussing the statement of defendant concerning the "fix," during which the following took place:

"THE COURT: Well, I tell you what, Mr. Hogan, I would only let the District Attorney go so far as to make the statement and you warn the witness ahead of time.

"MR. MAAS: My witnesses have been warned not to go into anything to prejudice the defendant.

"THE COURT: The jurors may think a fix is something en-

tirely different from what Mr. Hogan thinks it is, and we will leave it at that.

" . . . . . . . . . . .

"MR. MAAS: I planned to ask—when you tell him he was sick, I would like to define what he is referring to.

"THE COURT: Well, he is about to say something about narcotics. You better leave it alone. I will sustain any objection you make to it, but just remember if you get any of these other narcotics guys and you go fooling around with this sick business, you will open it up."

The judge was clearly protecting the rights of defendant by "withholding" evidence which would prejudice him.

Defendant also complains of the misconduct of the district attorney without specification of where such misconduct is shown by the record. A careful reading of the record does not reveal any misconduct on the part of the district attorney, or any attempt to prejudice the judge against defendant, as defendant contends.

Defendant further contends the presiding judge made prejudicial statements before the jury expressing his opinion of defendant's guilt. Defendant refers to three parts of the record. The first two incidents show that the judge made no comment about the guilt of defendant, nor one that could be interpreted as such. The third incident cited by defendant is apparently an error as the judge was not speaking at that time.

The record shows no misconduct by the judge or the district attorney. Statements not supported by the record cannot be considered on appeal. (*People* v. *Robinson, supra,* 102 Cal. App.2d 800, 807 [8].)

From a review of the entire record, it is apparent that defendant was accorded a full and fair trial, and that the evidence was amply sufficient to support the verdict of the jury and the judgment of the court.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.