[Crim. No. 1829.   Fourth Dist.   Nov. 8, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM H. TUCKER, JR., Defendant and Appellant.

392

William H. Tucker, Jr., in pro. per., Thurrell & Corn and George B. Corn for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Stanley X. Cook, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.*—Defendant appeals from judgment and sentence following conviction of violation of Vehicle Code section 23105, driving a vehicle while being addicted to the use of narcotic drugs. The information which charged defendant with the offense also charged two prior convictions of felony, one on November 14, 1955, the crime of possession of narcotics in violation of Health and Safety Code section 11500; and the second, the crime of burglary in violation of Penal Code section 459, on October 20, 1955. Defendant pleaded not guilty to the offense charged in the information, and denied each of the alleged prior convictions of a felony.

On the morning of trial counsel for defendant asked for and were granted a conference in chambers. Counsel advised the court that in their opinion the two alleged prior convictions of felony were actually misdemeanor convictions since defendant had been committed to the Youth Authority in each case. Counsel for defendant cited section 17 of the Penal

*Assigned by Chairman of Judicial Council.

Code, which defines felony and misdemeanor convictions. They contended this section, which was amended in 1959 to change the effect of a commitment to the California Youth Authority from that of a felony conviction to a misdemeanor conviction, operated retroactively. Counsel for defendant then offered to stipulate as to the prior convictions with the exception of the word "felony" and to have the court determine whether they constituted felony or misdemeanor convictions. The district attorney refused to accept the stipulation. Counsel for defendant then offered an admission of all of the facts concerning each prior conviction, but would not admit that either constituted a felony conviction. The court refused to accept the admission, and asked counsel if defendant wished to change his plea and admit each prior conviction. This defendant did not do, and the case went to the jury on the issues of the substantive crime charged in the information and whether each alleged prior conviction of a felony was true. The jury found defendant guilty as charged in the information and also found each alleged prior conviction of a felony to be true.

This appeal is taken solely on questions of law, since the only error alleged by defendant is the court's refusal to accept the admission of fact as to each alleged prior conviction of a felony. We find no error, since there was no question in law as to the nature of the prior convictions. Both occurred prior to the 1959 amendment to Penal Code section 17. The question raised by defendant in the trial court had been determined by this court more than a year earlier, in *People* v. *Gotham*, 185 Cal.App.2d 47 [8 Cal.Rptr. 20]. In that case the court said, at page 56:

"Defendant's trial counsel argued that the 1959 amendment should be given retroactive effect so as to apply at the time of the present charge. The trial court rejected this contention. The date of conviction is the date to be considered in determining whether or not the offense was a felony at a subsequent trial. (*People* v. *McConnell*, 20 Cal.App.2d 196, 197 [1] [66 P.2d 720]; *In re Harincar*, 29 Cal.2d 403, 406-407 [1] [176 P.2d 58].)"

Since defendant admitted the facts of each prior conviction and wished to submit the matter as a question of law, and since the law was settled by an appellate court decision, the trial court properly compelled defendant to make a choice under Penal Code section 1025. Defendant elected not to withdraw his denial of the prior convictions. There-

fore the court had no alternative but to proceed with the trial according to Penal Code section 1025, which provides:

". . . If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. . . ."

No provision is made by Penal Code section 1025 for a partial or intermediate plea, nor for a bifurcated trial. In our view, whether provision should be made for a hyphenated type of plea to a charge of a prior conviction of a felony, or a bifurcated trial thereof, is a matter that the Legislature should deal with, rather than the courts.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1963.