[Crim. No. 12856. Second Dist., Div. One. Sept. 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LEVY WILLIAMS, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward M. Belasco, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This matter involves an appeal from a judgment of conviction of robbery in the second degree.

In an information filed in Los Angeles on December 16, 1965, Levy Williams and Lionel Jackson were jointly charged with robbing William Thompson of his wallet and identification items on November 21, 1965. In a trial before the judge without a jury each of the defendants was found guilty as

charged and the robbery was determined to be in the second degree. After defendant was referred to the Director of the Department of Corrections pursuant to the provisions of section 1203.03, Penal Code, and his return to court, Williams was sentenced to the state prison. A timely notice of appeal from the judgment was filed by Williams.

A résumé of some of the facts is as follows: at about 12:30 a.m. on November 21, 1965, William Thompson exited from the front door of a cafe and bar located near Sixth and Stanford Streets in Los Angeles. He walked around the corner to Stanford Street where he was attacked from behind and struck by the codefendants, as a result of which he received injuries to his head and lips. Thompson was forced to the paved surface of the area and the codefendants took from his possession his wallet, some tokens, a few cents and a cigarette lighter.

Officers Mullin and Reed were in a police vehicle (paddy wagon) on patrol in the immediate area at the time. Officer Mullin saw the codefendants assaulting Thompson and stopped the police vehicle and went to the assistance of Thompson. Thompson told the officer he had just been robbed and Mullin pursued codefendants and apprehended them a short distance away. Mullin also retrieved Thompson's wallet. Mullin brought the codefendants back to the police vehicle, advised them that they were under arrest for robbery and advised each one of his constitutional rights. A few moments later Officers Brown and Hanson arrived and they, too, advised codefendants of their constitutional rights. Codefendants were taken to jail and interrogated by Officer Bray but neither of them made any confession or admission with reference to the crime.

Appellant now asserts that the evidence is insufficient to support the judgment and that he did not waive his constitutional rights. There is no merit to either of the contentions.

The officers' testimony in this case is clear that codefendants tackled Thompson and took his property and then when they saw the officers approaching, that they rapidly left the scene. The judge heard and saw the witnesses testify and according to the law determined who was telling the truth and who was not telling the truth. It is the duty of the trial judge, not this court, to weigh the evidence and draw the inferences from it. (See *People* v. *Spencer*, 170 Cal.App.2d

145, 149 [338 P.2d 484]; *People* v. *Kramer,* 103 Cal.App.2d 35, 37 [229 P.2d 53]; *People* v. *Robles,* 183 Cal.App.2d 212. 214 [6 Cal.Rptr. 748]; *People* v. *Neal,* 181 Cal.App.2d 304. 307 [5 Cal.Rptr. 241].)

 The record is clear, as to appellant's being advised of his constitutional rights, that the officers complied with the law in advising him that he had a right to remain silent, to have an attorney and be represented and that anything he said could be used against him. In any event a reading of the record discloses that neither defendant made a confession or any admission and that each defendant denied being involved in any robbery.

Appellant was represented by able counsel at the trial and the record discloses no error.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.