[Crim. No. 574. Fifth Dist. Mar. 25, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ALLEN KIPNIS et al., Defendants and Appellants.

## COUNSEL

Bernard G. Winsburg, under appointment by the Court of Appeal, Marvin L. Klynn and Earl J. Dunn for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Edsel W. Haws and David Cunningham, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COAKLEY, J.**—Appellants were convicted of violating Health and Safety Code, section 11530, possession of marijuana. They, together with two other defendants, were tried by jury. Kipnis and Collins appeal from the judgments.

### FACTS

Shortly before 4 a.m. on May 4, 1967, the Volkswagen in which the appellants and three companions were riding struck a bridge abutment and overturned. The driver was killed and an ambulance transported the appellants and the other two passengers to a hospital.

Officer Carey of the California Highway Patrol arrived at the scene around 5:45 a.m. Among the general debris resulting from the accident, Officer Carey found some cigarette papers and a plastic bag containing 41.40 grams of marijuana. Inside the car he found a blue flight bag which contained three bricks of marijuana, weighing 2,673.10 grams. Under orders of the California Highway Patrol the car was impounded, and no unauthorized person had access to it during the 60-day period following the accident. About 8:15 a.m. on the day of the accident, and while hospitalized, the four passengers were placed under arrest by an agent of the Bureau of Narcotic Enforcement. He ordered their clothing searched. Marijuana debris was found in the clothing of three of the four passengers, including

that of both appellants. A partially smoked marijuana cigarette was found inside a match box in a jacket worn by appellant Kipnis at the time of the accident.

Eighteen days following the accident investigators from the district attorney's office went to the garage for the purpose of searching the car. One of the investigators observed a lady's cigarette case, and, on opening it, found marijuana debris. He returned later that day with a search warrant and conducted a thorough search of the car. His find included: marijuana debris on the front and rear floorboards and in the ashtrays; four partially smoked marijuana cigarettes in the front ashtray; a marijuana cigarette on the rear floorboard; a red plastic flight bag containing marijuana debris; and the aforementioned lady's cigarette case containing marijuana debris.

The evidence established that the five occupants of the car were friends, and that at least three of the five had smoked marijuana. The driver's mother testified that her son used marijuana and that the blue flight bag, containing the three bricks of marijuana, belonged to him. Appellant Kipnis offered testimony that the blue jacket belonged to the deceased driver and not to him.

After deliberating an hour, the jury returned verdicts of guilty against the four defendants. Only the defendants Kipnis and Collins are involved in this appeal. Each asserts that the evidence was insufficient to sustain his conviction for possession of marijuana. We disagree.

The applicable law is set forth in these words in *People* v. *Groom,* 60 Cal.2d 694, 696-697 [36 Cal.Rptr. 327, 388 P.2d 359]: "Unlawful possession of narcotics is established by proof (1) that the accused exercised dominion and control over the contraband, (2) that he had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic. (*People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal. Rptr. 823, 359 P.2d 255].) The foregoing elements may be established by circumstantial evidence and any reasonable inferences drawn from such evidence. (*People* v. *Jackson,* 198 Cal.App.2d 698, 704 [18 Cal. Rptr. 214].) And finally when the sufficiency of the evidence is challenged an appellate court must affirm if the record contains substantial evidence of all elements of the crime. (*People* v. *Contreras,* 211 Cal.App.2d 641, 646 [27 Cal.Rptr. 619].)"

Respondent's brief graphically and correctly summarizes the evidence: "Marijuana literally dripped from the car and its occupants. It was in brick form, manicured form, unsmoked cigarette form, partially smoked cigarette form, and loose debris form. It was found in ashtrays, on the floorboards, in flight bags, in a lady's cigarette case, and in a plastic bag

60 feet from the wrecked car. It was found in debris form in the clothing of three of the four survivors including both appellants. It was found in partially smoked cigarette form in the pocket of a jacket worn by appellant Kipnis." Clearly, all the elements of the crime of possession of marijuana, as set forth in *People* v. *Groom, supra,* are present in this case. Only the most naive could conclude otherwise.

Appellant Collins raises additional grounds for reversing the judgment. They are:

I. *That the appellants should have been tried by the court and not by a jury.*

The record before us discloses that on August 16, 1967, the day set for the start of the trial, appellant Collins being present, a request to continue the trial was granted as to all defendants, and November 1 was set as the new date. The public defender, who was representing the appellants herein and one other defendant, then requested that his clients be permitted to waive jury trial. The appellants expressly joined in this request, and it was granted. On November 1, the case was again continued, due to the failure of appellant Collins and two other defendants to appear. At that time, the public defender requested that the court reinstate a jury trial for his clients, including appellant Collins. Appellant Kipnis was present and joined in the request. The district attorney said he did not object to a jury trial. On November 3, with appellant Collins present, the court stated that the public defender had asked that a jury trial be reinstated. At that point, the defendant Roseberry interrupted to inquire whether he was being represented by the public defender or by retained counsel, and whether the trial by jury was in his best interest. The court observed, in effect, that the type of trial was a strategy decision to be made by defense counsel and that the defendant had no say in the matter. Roseberry replied, "I can drop him as an attorney," with which statement the court concurred: The next several pages of the reporter's transcript are consumed in a discussion of (1) a trial date, (2) other counsel, and (3) suppression of evidence. There was no further reference to trial by jury or by court. Appellant Collins was not directly asked, and made no statement as to whether he joined in counsel's request to reinstate the jury trial. Before adjourning the hearing, the court inquired:

"Is everything clear, you understand everything?" No vocal response was made by appellant Collins, and the court said: "Let the record show that both gentlemen nodded 'yes.'"

The trial commenced on January 23, 1968. Appellant Collins, represented by the public defender, sat throughout the four-day trial. At no time did he offer any objection to being tried by a jury. He now argues that

because he did not expressly withdraw his prior waiver of jury trial, he was denied his right to a trial by the court. For the two separate and independent reasons discussed below, we hold that the appellant's contention is totally without merit and based on most hypertechnical reasoning.

■ The constitutional guarantee is the right to trial by jury (U. S. Const., Sixth Amend.; Cal. Const., art. I, § 7). There is no correlative right to a trial without a jury. (*Singer* v. *United States,* 380 U.S. 24 [13 L.Ed.2d 630, 85 S.Ct. 783]; *People* v. *Whitmore,* 251 Cal.App.2d 359, 364 [59 Cal.Rptr. 411].) ■ While the right to waive jury trial is recognized, the right to trial by jury is considered of such paramount importance that the consent of the defendant, his counsel and the prosecution are essential to a waiver of jury trial. (Cal. Const., art. I, § 7; *People* v. *Boulad,* 235 Cal. App.2d 118, 123 [45 Cal.Rptr. 104]; *People* v. *Whitmore, supra,* 251 Cal.App.2d 359.) And, though a request to waive jury trial may be unanimous, the court retains the right to require a jury trial. (*People* v. *Eubanks,* 7 Cal.App.2d 588, 589 [46 P.2d 789].) Waiver of trial by jury is discretionary with the court. (*Singer* v. *United States, supra,* 380 U.S. 24 [85 S.Ct. 783]; *People* v. *Eubanks,* 7 Cal.App.2d 588 [46 P.2d 789].)

■ We know of no authority which prevents defense counsel from reconsidering the wisdom of an earlier waiver of jury trial and requesting trial by jury. Of course, if he does so over his client's objection, he must make that fact known to the court so that the court may make inquiries of the defendant and take appropriate action. ■ Absent an objection by the defendant, the court is within its discretion in permitting defense counsel to withdraw his earlier waiver of trial by jury, and to reset the case for jury trial.

Nor are we aware of any rule which forbids the court from reconsidering its earlier acceptance of a waiver of trial by jury and then ordering such a trial on its own motion. Of course, the parties must be given adequate opportunity to object and, if overruled, to revise their trial strategy.

■ By requesting a reinstatement of trial by jury, counsel for the appellant, in effect, asked permission to withdraw the earlier waiver. We hold that, under the circumstances, there was no abuse of discretion in permitting counsel to withdraw his waiver of jury trial.

■ Further, and independent of the foregoing reason for rejecting appellant's contention of error, we hold that, by his conduct, the appellant waived his right to object to the trial by jury. He was present on November 3, 1967, when the court indicated a jury trial would be reinstated, and he offered no objection. Eleven weeks ensued between counsel's request for jury trial and the actual start of the trial, during which time the appellant was at liberty on bail and had ample time to consult with his attorney and

with others as to the wisdom of waiving a jury trial, and to make known to the court any reservations or objections he might have. He did none of these things, and then sat through a four-day trial without uttering an objection. This conduct, in our opinion, constitutes a waiver of his right to raise the issue on appeal.

Closely related to the alleged error just considered is the appellant's contention that his right to be tried separately from his codefendants was denied when the court accepted a withdrawal of the earlier jury trial waiver. This contention, too, is without merit, and it is unsupported by any citation of authority. There was no request for separate trials. In the absence of such a motion, the right to a separate trial is deemed waived and will not be reviewed on appeal. (*People* v. *Santo,* 43 Cal.2d 319, 332 [273 P.2d 249]; *People* v. *Irvin,* 264 Cal.App.2d 747, 764-765 [70 Cal. Rptr. 892].)

II. *That the court erred in instructing the jury.*

Appellant Collins urges error in the court's instruction to the effect that marijuana debris found in a defendant's clothing could be considered only for the purpose of demonstrating such defendant's knowledge of marijuana and its existence in the car, and not for any other purpose. He specifically complains that, while such debris may raise an inference of knowledge of the narcotic character of marijuana, the finding of debris in his clothing does not raise an inference that the appellant knew that marijuana in useable quantities was in the car or that he possessed same.

Various factors may support an inference of joint and constructive possession. It has been held that the presence of narcotic debris in the clothing of one who jointly occupies an area where a narcotic was found, will permit an inference that the individual had knowledge of the presence of the narcotic (*People* v. *Haynes,* 253 Cal.App.2d 1060, 1064 [61 Cal. Rptr. 859]). As noted above, marijuana "literally dripped" from the car and its occupants. The five occupants of the car were friends, and at least three had previously smoked marijuana. They had driven together, squeezed into a small car from Los Angeles to Tulare County, a distance of approximately 200 miles. Under the circumstances of this case, it cannot be said that the trial court erred in giving the instruction.

III. *That the search of the car 18 days after the accident was unlawful and that the product of the search was erroneously admitted in evidence.*

In pretrial proceedings, the court ruled that the affidavit in support of the search warrant contained insufficient information and, therefore, that the warrant was invalid. It made a further ruling, however, that the search

itself was reasonable, and the evidence obtained in the search of the car was later admitted at the trial. Appellant Collins contests the legality of the search, contending that it was unreasonable because of the remoteness in time between the date of his arrest on May 4, and the search conducted on May 22. Appellant correctly states the general rule. (See *Dyke* v. *Taylor Implement Mfg. Co.,* 391 U.S. 216, 220-221 [20 L.Ed.2d 538, 541-542, 88 S.Ct. 1472]; *Preston* v. *United States,* 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881]; *People* v. *Burke,* 61 Cal.2d 575, 579-580 [39 Cal.Rptr. 531, 394 P.2d 67].)

The rule has been modified in *Cooper* v. *California,* 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788], and *People* v. *Webb,* 66 Cal.2d 107 [56 Cal. Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]. In *Webb* the court states at page 114: "neither *Preston* nor *Burke* stands for the proposition that hereafter all searches without a warrant of a suspect's car other than at the immediate time and in the immediate vicinity of the arrest are *ipso facto* unreasonable within the meaning of the Constitution." In *Cooper,* the defendant was arrested for selling heroin to a police informer. The police ordered his car impounded, and it was towed and stored on the premises of the towing service, as in our case. A week later it was searched without a warrant. A piece of brown paper, apparently torn from the paper-sack containing the heroin sold to the informer, was admitted in evidence. The Supreme Court held the search was reasonable and, therefore, lawful, notwithstanding (1) the lack of a search warrant, and (2) the remoteness in time between the arrest and search. The court pointed out that under Health and Safety Code section 11611 the arresting officer was required to seize and deliver to the Bureau of Narcotic Enforcement "to be *held as evidence* until a forfeiture has been declared or a release ordered," any car "used to store, conceal, transport, sell or facilitate the possession of narcotics."

The court in *Cooper* at pages 61-62 [17 L.Ed.2d at pp. 733-734] said: "It would be unreasonable to hold that the police, having to retain the car in their custody for such a length of time,[1] had no right, even for their own protection, to search it. It is no answer to say that the police could have obtained a search warrant, . . ."

The fact that the record in our case is silent as to whether forfeiture proceedings were instituted is of no consequence. "It is irrelevant that the record does not also show that forfeiture proceedings were actually instituted: the trial record in *Cooper* was likewise devoid of evidence to that effect (see *People* v. *Cooper* (1965) 234 Cal.App.2d 587, 596 [44 Cal. Rptr. 483]). The controlling consideration, rather, is that at the time of the arrest the statute *required* the vehcile to be seized and held as evidence.

---

[1]The car was impounded for at least four months.

As the Supreme Court stated in *Cooper* (386 U.S. at p. 61), 'the reason for and nature of the custody may constitutionally justify the search.'" (*People* v. *Webb,* 66 Cal.2d 107, 127 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; see *People* v. *Teale,* 70 Cal.2d 497 [75 Cal.Rptr. 172, 450 P.2d 564].)

We hold, therefore, that under the applicable laws of forfeiture and under the facts of this case, the search on May 22, 1967, was a valid search.

The judgments are affirmed.

Stone, P. J., and Gargano, J., concurred.